William J. Paatalo –
Non-Party Witness
476 LaBrie Drive
Whitefish, MT 59937
(406) 309-1812
Bill.bpia@gmail.com

JAN 20 2026

Clerk, U.S. Courts
District of Montana
Missoula Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| In re Subpoena to:<br><br>WILLIAM PAATALO,<br>Non-Party Movant. | Misc. Case No. _____<br><br>**NON-PARTY WILLIAM PAATALO'S MOTION TO MODIFY SUBPOENA UNDER FED. R. CIV. P. 45(d)(3)** |

## I. INTRODUCTION

Movant William Paatalo respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 45(d)(3), to modify a subpoena and deposition notice issued to him in the matter *Koeppel et al. v. Wilker et al.*, Case No. 5:24-cv-06457-

1. MOTION TO MODIFY SUBPOENA

NW (NC), pending in the United States District Court for the Northern District of California.

Mr. Paatalo is a non-party witness, resides in Montana, and is not represented by counsel in the underlying California action. The subpoena seeks to compel testimony and document production spanning more than a decade—beginning as early as 2010 or 2012 and continuing through the present—regarding Mr. Paatalo's investigative, advisory, and consulting work for Plaintiff Gary Koeppel across multiple lawsuits, attorneys, and strategies.

Despite good-faith efforts to narrow the scope of the deposition and document requests through written conferral, Defendants insist on an open-ended temporal scope and broad subject matter that far exceeds what is proportional or appropriate for a non-party witness. The subpoena further risks disclosure of proprietary investigative methodologies and intrusion into parallel litigation in which Mr. Paatalo is a party or expert.

On December 30, 2025, Magistrate Judge Nathanael M. Cousins expressly recognized that any challenge to the subpoena must be brought in the district where compliance is required—Montana—under Rule 45(d)(3). This motion follows that directive.

Mr. Paatalo does not seek to avoid testimony. He seeks reasonable, court-imposed limits consistent with Rule 45's protections for non-parties, so that any deposition or production proceeds in a fair, defined, and non-prejudicial manner.

## II. RELEVANT BACKGROUND

### A. The Underlying California Action

2. MOTION TO MODIFY SUBPOENA

The subpoena at issue arises from the action *Koeppel et al. v. Wilker et al.*, Case No. 5:24-cv-06457-NW (NC), pending in the United States District Court for the Northern District of California. In that case, Plaintiffs assert claims arising from Defendants' representation of Plaintiff Gary Merle Koeppel in mortgage-related litigation. Mr. Paatalo is not a party to that action and has never been named as a litigant in it.

### B. Mr. Paatalo's Status as a Non-Party Witness

Mr. Paatalo resides in the State of Montana. He is a licensed private investigator and consultant who, over the course of many years, has performed investigative and advisory work relating to mortgage securitization and chain-of-title issues. He is not represented by counsel in the California action and has not been retained as an expert witness by any party in that case.

Mr. Paatalo's involvement with Mr. Koeppel has consisted of investigative and advisory assistance provided at various points in time, often at the direction of counsel retained by Mr. Koeppel. That assistance has spanned multiple legal matters, attorneys, and strategies, some of which pre-date Defendants' involvement and some of which post-date it.

### C. The Subpoena and Deposition Notice

Defendants, through counsel Jessica R. MacGregor of Long & Levit LLP, served Mr. Paatalo with a subpoena and amended notice of deposition issued from the Northern District of California. The subpoena seeks both oral testimony and document production.

As articulated by Defendants during written conferral, the subpoena is intended to cover a temporal scope beginning as early as 2010 or 2012 and continuing through the present, encompassing Mr. Paatalo's work with Mr. Koeppel across multiple lawsuits and attorneys, including but not limited to quiet title litigation, MERS-related litigation, subsequent state court actions, and related strategies.

The subpoena further seeks documents and testimony concerning Mr. Paatalo's investigative work, communications, and involvement in those matters, without clear limitation to the period during which Defendants represented Mr. Koeppel or to issues directly relevant to the claims and defenses in the California action.

### D. Meet-and-Confer Efforts and Scope Dispute

After receiving the subpoena, Mr. Paatalo raised timely objections and engaged in written meet-and-confer efforts in good faith. He requested reasonable limits on the scope of testimony and document production, including:

- temporal limits tied to Defendants' period of representation,
- subject-matter limits appropriate to a non-party witness,
- protections against disclosure of proprietary investigative methodologies, and
- safeguards against spillover into parallel litigation in which Mr. Paatalo is a party or expert.

4. MOTION TO MODIFY SUBPOENA

Defendants declined to agree to those limitations and maintained that the full temporal span of Mr. Paatalo's involvement with Mr. Koeppel—from its inception through the present—was relevant and discoverable.

**E. The December 30, 2025 Order**

On December 30, 2025, Magistrate Judge Nathanael M. Cousins issued an order addressing an updated discovery status report in the California action. In that order, the Court acknowledged Mr. Paatalo's objections and expressly stated that, if he wished to quash or modify the subpoena, he could file a motion in the district where compliance is required—Montana—pursuant to Federal Rule of Civil Procedure 45(d)(3).

This motion follows that directive.

**F. Relief Sought**

Mr. Paatalo seeks a modification of the subpoena—not to avoid testimony or production, but to impose reasonable limits consistent with Rule 45's protections for non-party witnesses and to prevent undue burden, prejudice, and disclosure of protected or irrelevant material.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas directed to non-parties and imposes heightened protections to prevent undue burden and expense. Rule 45(d)(1) requires the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the Court "must enforce this duty."

5.   MOTION TO MODIFY SUBPOENA

Under Rule 45(d)(3), the court for the district where compliance is required must quash or modify a subpoena that subjects a person to undue burden, and may modify a subpoena to protect a non-party from overbroad, disproportionate, or otherwise improper discovery demands. These protections apply with particular force where, as here, the subpoena is directed to a non-party witness who is not represented by counsel in the underlying action.

Courts recognize that non-parties are entitled to greater protection than parties in discovery, and that relevance and proportionality must be assessed in light of the non-party's status, the availability of information from party sources, and the burden imposed. Discovery that is open-ended in time, vague in subject matter, or cumulative of information available from parties is routinely limited or modified when directed to a non-party.

In addition, courts consider the risk of prejudice or misuse where discovery from a non-party overlaps with parallel litigation involving the same actors, particularly where the non-party is a litigant or expert in other matters. Protective limits are appropriate to prevent spillover, unfair advantage, or disclosure of materials prepared in anticipation of litigation.

Finally, Rule 45 authorizes courts to modify subpoenas to protect confidential, proprietary, or business-sensitive information, including investigative methodologies and non-public processes, where disclosure is not narrowly tailored to the needs of the case.

Applying these standards, modification of the subpoena is warranted to impose reasonable temporal and subject-matter limits, protect proprietary methodologies, prevent overlap with parallel litigation, and ensure that any

6. MOTION TO MODIFY SUBPOENA

document production obligations imposed on a non-party are clearly defined and proportional.

## IV. ARGUMENT

### A. The Subpoena Is Temporally Overbroad and Imposes an Undue Burden on a Non-Party

The subpoena seeks testimony and document production spanning a period beginning as early as 2010 or 2012 and continuing through the present. For a non-party witness, that temporal scope is facially overbroad and imposes an undue burden in violation of Federal Rule of Civil Procedure 45(d).

Defendants were not retained until well after the beginning of the period they now seek to explore. Nonetheless, they insist on discovery reaching years before their involvement, encompassing multiple prior lawsuits, attorneys, and investigative efforts in which Defendants played no role. Rule 45 does not permit such open-ended discovery from a non-party merely because the subject matter has a long history.

Courts routinely limit subpoenas directed to non-parties to time periods that are reasonably tethered to the claims and defenses at issue and to the requesting party's own period of involvement. Discovery that predates a defendant's conduct is, at most, background information and is generally available from party witnesses, including Mr. Koeppel himself. Compelling a non-party to reconstruct more than a decade of work across numerous matters exceeds what Rule 45 allows.

The burden imposed by the requested time span is substantial. It would require Mr. Paatalo to review, recall, and potentially produce materials accumulated over many

7.  MOTION TO MODIFY SUBPOENA

years, much of which relates to matters unrelated to Defendants' representation. Rule 45(d)(1) requires issuing parties to take reasonable steps to avoid such undue burden, particularly where the witness is not a party to the litigation.

Modification is therefore warranted to limit the temporal scope of any testimony or production to a reasonable period tied to Defendants' retention and involvement.

## B. The Subpoena Is Overbroad in Subject Matter and Lacks Reasonable Particularity

In addition to its excessive temporal reach, the subpoena is overbroad in subject matter. Defendants have described their intended scope as encompassing "the work" Mr. Paatalo performed for Mr. Koeppel, communications with various attorneys over the years, and "general questions" about Mr. Paatalo's investigative work. Such descriptions lack reasonable particularity and sweep far beyond what is proportional for non-party discovery.

Rule 45 requires that discovery directed to a non-party be narrowly tailored. Vague categories such as all "work," all litigation strategies, or all communications with any attorney consulted by Mr. Koeppel invite fishing expeditions and place the burden on the non-party to guess what may be deemed responsive. That is precisely what Rule 45 is designed to prevent.

Moreover, much of the information Defendants seek is cumulative of testimony and documents available from party witnesses, including Mr. Koeppel, and from the case record itself. Non-party discovery is not a substitute for party

discovery, nor is it a vehicle to obtain a comprehensive narrative history of a dispute by compelling testimony from a peripheral witness.

Absent clear subject-matter limits tied to specific issues in the California action and to Defendants' own period of representation, the subpoena subjects Mr. Paatalo to undue burden and expense. Modification is therefore appropriate to confine inquiry to defined, relevant subject areas and to exclude generalized or narrative questioning unrelated to Defendants' conduct.

### C. The Subpoena Improperly Seeks Disclosure of Proprietary Investigative Methodologies and Risks Prejudice Through Spillover Into Parallel Litigation

The subpoena further warrants modification because it seeks testimony and documents that would disclose proprietary investigative methodologies and risks improper spillover into parallel litigation involving the same actors.

Mr. Paatalo is a licensed investigator and consultant who has developed non-public investigative approaches, strategies, and workflows used across matters and clients. These methodologies—including those sometimes referenced as part of the "AMGAR" strategy—constitute proprietary, business-sensitive information. Rule 45 expressly authorizes courts to modify subpoenas to protect confidential commercial information and non-public processes where disclosure is not narrowly tailored to the needs of the case.

Defendants have not demonstrated that disclosure of investigative methodologies or internal processes is necessary to adjudicate the claims against them. At most, Defendants may inquire at a high level into whether certain investigative work occurred during their period of representation. They are not

9. MOTION TO MODIFY SUBPOENA

entitled to explore how that work was performed, how methodologies are deployed across cases, or how investigative strategies are designed or refined. Compelling such disclosure from a non-party would impose undue burden and risk competitive harm without corresponding probative value.

In addition, the subpoena creates a substantial risk of prejudice and misuse because Mr. Paatalo is involved in parallel litigation against the same Defendants and may also serve as a consultant or expert in other ongoing matters. Even where Defendants disclaim intent to question the "substance" of those cases, unrestricted inquiry into communications, opinions, analyses, or investigative work would inevitably overlap with issues in those proceedings and could be used for collateral purposes.

Courts recognize that discovery directed to a non-party should be limited where it risks providing an unfair advantage in parallel litigation or exposing materials prepared in anticipation of litigation. That concern is heightened where, as here, the non-party is unrepresented in the underlying action and has sought reasonable safeguards to prevent prejudice.

Accordingly, modification is appropriate to prohibit inquiry into proprietary investigative methodologies and to exclude testimony or document production concerning work performed, opinions formed, or materials prepared in connection with other litigation in which Mr. Paatalo is a party, consultant, or expert. Such limits preserve Defendants' ability to obtain relevant factual information while preventing undue burden and misuse of non-party discovery.

**D. The Document Production Demands Must Be Narrowed and Clarified to Avoid Undue Burden on a Non-Party**

10.  MOTION TO MODIFY SUBPOENA

The subpoena also seeks document production in connection with the deposition, but the document demands suffer from the same defects as the deposition notice: excessive temporal scope, lack of reasonable particularity, and failure to account for Mr. Paatalo's status as a non-party.

As articulated by Defendants during written conferral, the document requests are intended to span more than a decade and encompass communications, investigative work, and materials generated across multiple lawsuits, attorneys, and strategies. Such an approach improperly shifts to a non-party the burden of reconstructing, reviewing, and producing large volumes of material accumulated over many years, much of which is unrelated to Defendants' conduct.

Rule 45 requires issuing parties to narrowly tailor document demands directed to non-parties and to avoid imposing undue burden or expense. Broad demands for "all documents" relating to generalized subject matter, without defined date ranges or subject-matter limits, are routinely modified or limited by courts.

In addition, the subpoena fails to account for privilege and work-product protections that apply to materials prepared at the direction of counsel or in anticipation of litigation, regardless of whether Mr. Paatalo was formally designated as a retained expert. While Defendants may dispute the applicability of such protections to specific documents, those disputes must be resolved on a document-by-document basis and do not justify an unlimited production demand.

Modification is therefore warranted to limit any document production to non-privileged materials within the same reasonable temporal and subject-matter boundaries applicable to testimony, and to clarify that Mr. Paatalo may withhold

11. MOTION TO MODIFY SUBPOENA

protected materials subject to an appropriate privilege log, consistent with Rule 45(e).

## V. RELIEF REQUESTED

For the foregoing reasons, Mr. Paatalo respectfully requests that the Court modify the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3) as follows:

1. **Temporal limitation**: Limit testimony and document production to the period beginning with Defendants' retention and involvement in Mr. Koeppel's matters, excluding investigative or advisory work performed prior to that period.
2. **Subject-matter limitation**: Limit inquiry to defined factual matters directly related to Defendants' conduct and representation, and prohibit generalized or narrative questioning concerning all work performed for Mr. Koeppel or all litigation strategies employed over time.
3. **Proprietary methodology protection**: Prohibit inquiry into proprietary investigative methodologies, business models, or non-public processes (including those associated with the AMGAR strategy), except at a high-level acknowledgment of whether such work existed or was utilized during the relevant period.
4. **Parallel-litigation safeguard**: Prohibit testimony or document production concerning work performed, opinions formed, communications made, or materials prepared in connection with other litigation in which Mr. Paatalo is a party, consultant, or expert.
5. **Document production limits**: Limit document production to non-privileged materials within the same temporal and subject-matter scope as testimony,

12.  MOTION TO MODIFY SUBPOENA

and permit withholding of privileged or work-product materials subject to an appropriate privilege log.

6. **Alternative relief**: In the alternative, impose such protective conditions as the Court deems appropriate to prevent undue burden, prejudice, or misuse of non-party discovery.

Mr. Paatalo seeks no broader relief and submits this motion solely to ensure that any discovery proceeds in a manner consistent with Rule 45's protections for non-party witnesses.

Dated: January 16, 2026

*/s/ William Paatalo*

William Paatalo – Non-Party, Movant

## CERTIFICATE OF SERVICE

I certify that on the 16th day of January, 2026, I served a true and correct copy of the foregoing *Non-Party William Paatalo's Motion to Modify Subpoena Under Fed. R. Civ. P. 45(d)(3)* on counsel for Defendants, Jessica R. MacGregor, Long & Levit LLP, by electronic mail.

Date: January 16, 2026

William Paatalo, Pro Se
Non-Party Movant