IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE PAATALO, | 9:26–mc–01–DWM <br><br> ORDER |

This proceeding arises out of a decade-long mortgage dispute in California. In the most recent lawsuit associated with that dispute, Plaintiffs Gary and Emma Koeppel (together, the "Koeppels") sued Defendants Steven Wilker and Tonkon Torp, LLP (together, "Defendants") for legal malpractice in California state court. That action was removed by Defendants to the Northern District of California in 2024. *Koeppel v. Wilker*, 5:24-cv-06457, Doc. 1 (N.D. Cal. Sept. 13, 2024) (hereinafter "*Koeppel v. Wilker*"). Defendants had represented the Koeppels from 2022–2023 in an earlier lawsuit against their mortgage lenders. In their initial disclosures in *Koeppel v. Wilker*, the Koeppels identified nonparty William J. Paatalo as an individual with discoverable information. (Doc. 3-4 at 2.) Paatalo worked for the Koeppels as a licensed private investigator and provided them with

1

forensic mortgage advice and guidance, including challenging the putative interest of the Koeppels' mortgage lenders. (Doc. 3-1 at 1.)

On October 23, 2025, Defendants served Paatalo with a subpoena to produce all documents and communications related to the Koeppels' various lawsuits over a period of over 10 years. (Doc. 3-5.) The deadline for production was November 24, 2025. (*Id.*) On November 3, 2025, Defendants also served Paatalo with a subpoena noticing a December 1, 2025 deposition. (Doc. 3-6.)

On November 24, 2025, the Koeppels sent a letter to Defendants objecting to the notice and subpoena, advising that "Mr. Paatalo will not be appearing" for his deposition. (Doc. 3-7.) Two days later, on November 26, 2025, Paatalo emailed counsel for Defendants, raising written objections and stating that he would not appear for his deposition. (Doc. 3-8.) After Defendants met and conferred with Paatalo, he agreed to appear for a deposition on December 12, and Defendants served an amended deposition notice based upon his agreement. (Doc. 3 at ¶ 10.)

On December 8, 2025, the Koeppels again served objections to Defendants' amended deposition notice, stating "the non-party witness will not appear." (Doc. 3-9.) Less than an hour later, Paatalo emailed defense counsel, stating that he understood that "the scope of any deposition of me is presently the subject of a joint discovery letter before Magistrate Judge Cousins." (Doc. 3-10.) Paatalo's

allusion to a "joint discovery letter" is a reference to a letter submitted by the Koeppels to United States Magistrate Judge Nathanael Cousins, the magistrate judge presiding over the discovery disputes in *Koeppel v. Wilker*. (*See* Doc. 3-19.) In that letter, the Koeppels requested that the scope of discovery be limited to the period in which Defendants represented them. (*Id.*) In his email, Paatalo further stated that he would only appear if Defendants "[i]dentify the proposed areas of inquiry with reasonable particularity." (Doc. 3-10.) He continued, "[t]o be clear, I am not refusing to testify. I will comply with any properly scoped deposition notice or any Court order defining the permissible topics of examination. Once the scope if clarified, I will work cooperatively to identify mutually available dates." (*Id.*) As a result, Defendants sought an order from the Judge Cousins compelling Paatalo's deposition and production of documents. (Doc. 3-20.)

On December 19, 2025, Judge Cousins rejected the Koeppels' request that Defendants' discovery be limited to the narrow time frame that Defendants represented the Koeppels. (Doc. 3-21.) Regarding the Koeppels' objections to Paatalo's deposition, Judge Cousins found that the "objections are baseless and the maneuvering to prevent the deposition demonstrates gamesmanship." (*Id.* at 2.) Judge Cousins also denied the Koeppels' request for a protective order, (*see* Doc. 3-19), on the grounds that the motion was filed without a sufficient attempt to meet and confer with defense counsel, (Doc. 3-21 at 3).

On December 22, 2025, counsel for Defendants emailed a copy of Judge Cousins' discovery order to Paatalo. (Doc. 3-11 at 11.) Paatalo responded with dates he was available to be deposed but refused to appear unless there was a clear "definition of the proposed scope." (*Id.* at 6.) More emails followed in which defense counsel detailed the period of time and litigations that were at issue. (*Id.* at 1–10.) In his responsive emails, Paatalo mentioned that he was also suing Defendants in an entirely separate action in Oregon and that he was concerned that litigation could be prejudiced by his deposition in this case. (*Id.* at 10.) Counsel for Defendants explicitly reassured Paatalo that "I will ask you under oath to confirm you are suing [Defendants] for legal malpractice and that you are seeking damages in that action. These limited questions are relevant to bias. I will not ask you any questions about the substance of the litigation, your claims, or the underlying facts." (*Id.* at 3.) Paatalo agreed to this limitation but refused to appear for a deposition unless it was limited to the period of Defendants' representation. (*Id.* at 2.) Counsel for Defendants reminded Paatalo that Judge Cousins had already rejected this restriction. (*Id.* at 1.) Paatalo stated that he would seek relief in the District of Montana. (*Id.*)

On January 20, 2026, Paatalo filed a motion to modify Defendant's subpoenas under Rule 45(d)(3) of the Federal Rules of Civil Procedure in this Court, arguing that "[h]e seeks reasonable, court-imposed limits consistent with

4

Rule 45's protections for non-parties, so that any deposition or production proceeds in a fair, defined, and non-prejudicial manner." (Doc. 1 at 2.) More specifically, Paatalo argues that Defendants' subpoenas are overbroad both in terms of time frame and subject matter, complying with the requests would impose an undue burden, Defendants improperly seek disclosure of proprietary investigative methodologies, and compliance risks prejudice in his parallel litigation. (*See generally id.*) That motion is denied as outlined below.

## LEGAL STANDARD

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 45 permits parties to subpoena documents and take depositions of nonparties. A court "*must* quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv) (emphasis added). A court *may* quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). "The burden of proving that a subpoena imposes an undue burden or requires disclosure of confidential information is on the person seeking to have it quashed." *Rocky Mtn. Med. Mgm't,*

5

*LLC v. LHP Hosp. Grp., Inc.*, 2013 WL 6446704, at *2 (D. Idaho Dec. 9, 2013) (citing 9A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & P.* § 2459 (3d ed. 2013)). "However, the party issuing the subpoena must demonstrate, in turn, that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Id.*; *see AEC Yield Cap., LLC v. Am. Home Energy, Inc.*, 2025 WL 3085720, at *4 (N.D. Cal. Nov. 5, 2025). A request to quash or modify a subpoena must be brought in "the district where compliance is required," Fed. R. Civ. P. 45(d)(3)(A), unless that court finds "exceptional circumstances" warrant transferring the matter to the issuing court or the nonparty subject to the subpoena consents to litigate the matter in the issuing court, Fed. R. Civ. P. 45(f). Because neither is the case here, Paatalo's motion is properly before this Court.

## ANALYSIS

The present motion represents just a small subsection of a protracted and tortuous series of lawsuits related to the Koeppels' ongoing mortgage dispute. In this case, Paatalo seeks to modify a nonparty subpoena. Defendants argue that Paatalo's objections to their subpoenas are untimely and that their subpoena requests are proper in scope. Because Defendants' first argument is dispositive, Paatalo's motion is denied on that ground alone.

Objections to a document subpoena must be served within 14 days after service of the subpoena. Fed. R. Civ. P. 45(d)(2)(B). Failure to timely serve

objections may waive all grounds for objecting, including privilege. *Taylor v. Cnty. of San Bernardino*, 2024 WL 3915194, at *6 (C.D. Cal. May 7, 2024). Here, Paatalo was served with the document subpoena on October 27, 2025, so his objections were due by November 10, 2025. The Koeppels did not object until November 24, 2025, and Paatalo did not serve any objections until November 26, 2025. The record provides no good cause for the delay. *Compare with In re Herz*, 2026 WL 18785, at *2–3 (N.D. Cal. Jan. 2, 2026) (excusing delay in seeking court order where nonparty witness promptly objected in good faith and only sought to quash the subpoena when an informal resolution of the dispute could not be reached). Accordingly, Paatalo has waived any objection to Defendants' document subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B); *Berry v. Plaintiff Inv. Funding LLC*, 2014 WL 6908525, at *3 (D. Ariz. Dec. 9, 2014) (collecting cases). His motion to quash that subpoena is therefore denied. However, Defendants have not moved to compel Paatalo's compliance with the subpoena. As a result, he is not compelled to do so by this Order alone. But Paatalo faces a choice; he can either respond to the document subpoenas as required by the Federal Rules of Civil Procedure or wait for Defendants to file a motion compel, opening Paatalo to the likelihood that he will shoulder the fees and costs associated with that motion. *See* Fed. R. Civ. P. 45(g); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 2983) ("The only authority in the Federal Rules of Civil Procedure for the imposition of

sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45[(g)].")

Though the result is similar, the deposition subpoena analysis is distinct. Rule 45 permits written objections for document requests, not deposition attendance. *See* Fed. R. Civ. P. 45(d)(2)(B). Once Paatalo received a deposition subpoena under Rule 45, he was required to appear for the noticed deposition, objection or no. "When a nonparty wishes protection by the Court, the nonparty must seek out such protection, and the proper method to seek the Court's assistance after being served with a subpoena to testify at a deposition is to file a motion to quash or modify the subpoena." *Twin Falls NSC, LLC v. S. Idaho Ambulatory Surgery Ctr.*, 2020 WL 5523384, at *5 (D. Idaho Sept. 14, 2020) (internal quotation marks omitted). "Even if a third party serves objections to a subpoena to testify at a deposition, the fact that objections were served is *no excuse whatsoever* not to attend the deposition." *Id.* (alteration in original) (internal quotation marks omitted). Paatalo did not properly move to quash or modify his deposition subpoena prior to either of the dates noticed by Defendants. Accordingly, he has waived any challenge to that subpoena and he must appear for his noticed deposition. *See* Fed. R. Civ. P. 37(a)(2). The failure to do so may result in contempt proceedings. *See* Fed. R. Civ. P. 45(g).

8

## Conclusion

Based on the foregoing, IT IS ORDERED that Paatalo's motion to modify (Doc. 1) is DENIED. Paatalo must appear for his properly noticed deposition within seven (7) days of the date of this Order.

DATED this 17th day of February, 2026.

_____ 15:14 P.M
Donald W. Molloy, District Judge
United States District Court