IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| IN RE PAATALO, | 9:26–mc–01–DWM |
|  | ORDER |

This proceeding arises out of a decade-long mortgage dispute in California. In the most recent lawsuit associated with that dispute, Plaintiffs Gary and Emma Koeppel sued Defendants Steven Wilker and Tonkon Torp, LLP (together, "Defendants") for legal malpractice in California state court. That action was removed by Defendants to the Northern District of California in 2024. *Koeppel v. Wilker*, 5:24-cv-06457, Doc. 1 (N.D. Cal. Sept. 13, 2024). A more complete history of that litigation and how it relates to the present case is outlined in this Court's February 17, 2026 Order. (Doc. 14). In that Order, this Court denied nonparty witness William J. Paatalo's Rule 45 motion to quash both a document subpoena and a deposition subpoena issued by Defendants on the ground that Paatalo failed to timely object to either one, waiving his right to do so under the Federal Rules of Civil Procedure or privilege. (*Id.*) Paatalo was also expressly ordered to attend a properly noticed deposition. (*Id.* at 8–9.) Following a motion to compel filed by Defendants, on March 25, 2026, Paatalo was ordered to provide Defendants with all documents and correspondence responsive to Defendants'

1

document subpoena, (Doc. 3-5), by April 4, 2026. (Doc. 19.) In so ordering, the Court reaffirmed that Paatalo had waived all objection to such disclosure, including privilege. (*See id.*)

On April 2, 2026, two days before Paatalo's disclosure deadline, Gary Koeppel filed a pro se "emergency" motion to intervene in this action and stay the March 25, 2026 discovery order, (Doc. 19). (Doc. 20.) In his motion, Koeppel states that he has an interest in the ordered disclosure, arguing that he intends to invoke his privilege relative to many of those documents and that Paatalo could not have waived that privilege on his behalf. (*See id.*) Given the imminency of the disclosure, on April 3, 2026, this Court entered an order partially staying its March 25 disclosure order and requiring: (1) Koeppel to file a privilege log by April 7 and (2) Paatalo to disclose all responsive documents, correspondence, and declarations not identified in that log by April 8. (Doc. 21.) That order explicitly reserved ruling on Koeppel's request to intervene. (*See id.*)

On April 7, Koeppel filed his privilege log, identifying 276 documents. (Doc. 23-1.) That same day, Paatalo filed a "Supplemental Notice of Compliance Clarifying Scope of Review," informing the Court that while he originally identified almost 6,000 documents as being responsive to the subpoena, he now believes that number to be 515 documents already produced and 433 emails he provided to Koeppel for inclusion in his privilege log. (Doc. 24.) On April 10, Defendants objected to both Koeppel's privilege log and to Paatalo's latest attempt

2

to circumvent the explicit terms of this Court's prior March 25 order by redefining "responsive" materials. (Doc. 25.)

Koeppel's motion to intervene to challenge the Paatalo document subpoena is denied as untimely. Timeliness is a threshold requirement for intervention. *See* Fed. R. Civ. P. 24. In determining whether a motion for intervention is timely, courts consider the following three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir.1986). "[A]ny substantial lapse of time weighs heavily against intervention." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (internal quotation marks omitted). If a motion to intervene is found to be untimely, a court "need not reach any of the remaining elements of Rule 24." *Id.* (internal quotation marks omitted).

As outlined above, Koeppel filed his request to intervene two days before Paatalo's disclosure deadline, approximately five months after the subpoena was issued and two weeks before trial. At the time the subpoena was served in October 2025, Koeppel had the ability to seek to quash it on privilege grounds consistent with the 14-day time limit imposed by Rule 45. *See Cal. Sportfishing Protection All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014); *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002). Koeppel did not do so despite objecting to Paatalo's deposition subpoena, (*see* Doc. 3-7), and

3

acknowledging potential privilege issues associated with Defendants' subpoenas, (*see* Doc. 3-19). Nor has he shown good cause for consideration of his challenge despite the delay. *See McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). The Federal Rules of Civil Procedure do not permit Koeppel to wait until both the eve of production and the eve of trial to assert his privilege. Permitting him to intervene now would greatly prejudice Defendants.

Accordingly, IT IS ORDERED that Koeppel's motion to intervene (Doc. 20) is DENIED.

IT IS FURTHER ORDERED that Paatalo must produce to Defendants all the documents originally identified as responsive in his February 23, 2026 "Non-Party Response and Objection[]," (Doc. 17-2), on or before 5:00 p.m. on April 16, 2026 (no less than 6,143 emails). That disclosure includes those documents included in Koeppel's privilege log. By that same date, Paatalo must also disclose any other documents, correspondence, and declarations that are responsive to the subpoena, including but not limited to the declarations identified in Request No. 14, (*see* Doc. 3-5). Paatalo is already facing a contempt proceeding. *See* Fed. R. Civ. P. 45(g) (*see* Doc. 19). Continued noncompliance and obstructive conduct may result in additional contempt sanctions.

DATED this 14 day of April, 2026.

09:45 A.M.

Donald W. Molloy, District Judge
United States District Court

4