IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE PAATALO, | 9:26–mc–01–DWM<br><br>ORDER |

This proceeding arises out of a decade-long mortgage dispute in California. In the most recent lawsuit associated with that dispute, Plaintiffs Gary and Emma Koeppel sued Defendants Steven Wilker and Tonkon Torp, LLP (together, "Defendants") for legal malpractice in California state court. That action was removed by Defendants to the Northern District of California in 2024. *Koeppel v. Wilker*, 5:24-cv-06457, Doc. 1 (N.D. Cal. Sept. 13, 2024). A more complete history of that litigation and how it relates to the present case is outlined in this Court's February 17, 2026 Order. (Doc. 14). In that Order, this Court denied nonparty witness William J. Paatalo's Rule 45 motion to quash both a document subpoena and a deposition subpoena issued by Defendants on the ground that Paatalo failed to timely object to either one, waiving his right to do so under the Federal Rules of Civil Procedure or privilege. (*Id.*) Paatalo was also expressly ordered to attend a properly noticed deposition. (*Id.* at 8–9.)

1

Paatalo subsequently presented Defendants with his response and objections to their document subpoena. (*See* Doc. 17-2.)  In doing so, Paatalo produced 404 "non-privileged, responsive emails relating to the relevant time period," but withheld over 5,700 emails on the ground that they are privileged, work product, confidential business communications, or personal correspondence. (*Id.* at 1–2.) In total, Paatalo stated that he reviewed "approximately 6,143 emails." (*Id.* at 2.) Unsurprisingly, Defendants took issue with Paatalo's response, reiterating to him that the Court had expressly determined that he had waived any objections to their subpoena. (Doc. 17-3 at 2 (citing Doc. 14 at 7).)  Paatalo was unmoved, asserting that he retained the protections afforded to him under Federal Rules of Civil Procedure 45. (*Id.* at 1.)

Following a motion to compel filed by Defendants, on March 25, 2026, Paatalo was ordered to provide Defendants with all documents and correspondence requested in Defendants' document subpoena, (Doc. 3-5), by April 4, 2026. (Doc. 19.)  In so ordering, the Court reaffirmed that Paatalo had waived all objection to such disclosure, including privilege. (*See id.*)  In response to that Order, Paatalo subsequently clarified that he now believed that there were only approximately 900 responsive emails, not 6,000. (Doc. 24.)  More specifically, Paatalo stated that there were the 404 emails initially produced, an additional 111 that he had just produced, and 433 "privileged" communications. (*Id.*)  On April 14, 2026,

2

unpersuaded by Paatalo's recharacterization of "responsive" materials and having rejected further privilege arguments, this Court ordered ordered Paatalo to:

> produce to Defendants all the documents originally identified as responsive in his February 23, 2026 "Non-Party Response and Objection[]," (Doc. 17-2), on or before 5:00 p.m. on April 16, 2026 (no less than 6,143 emails). That disclosure includes those documents included in Koeppel's privilege log. By that same date, Paatalo must also disclose any other documents, correspondence, and declarations that are responsive to the subpoena, including but not limited to the declarations identified in Request No. 14, (see Doc. 3-5). Paatalo is already facing a contempt proceeding. See Fed. R. Civ. P. 45(g) (see Doc. 19). Continued noncompliance and obstructive conduct may result in additional contempt sanctions.

(Doc. 29 at 4.) In contravention of this explicit directive, Paatalo has reaffirmed that he has not produced the vast majority of the "6,143 emails" originally identified on the ground that:

> [t]he remaining communications within the Gmail search results were determined to be non-responsive, including personal communications, unrelated business communications, and other materials outside the scope of the subpoena. Those non-responsive communications were not produced because they do not fall within the scope of permissible discovery under the Federal Rules of [C]ivil Procedure.

(Doc. 31 at 3.) Thus, according to Paatalo, he has satisfied his disclosure obligations under the Federal Rules of Civil Procedure. Not so. Paatalo is not in a position to define what is relevant or what Defendants are entitled to review. Nor can he claw back his initial identification of "6,143 emails" based on his evolving definition of "responsive." His attempt to do so is not credible for two reasons. First, in the same disclosure that identified the 6,143 emails, Paatalo indicated that

3

only "[a]pproximately 15–20%" may be "personal and non-responsive." (Doc. 17-2 at 6.)  While that could explain withholding roughly 1,000 emails, it does not support his decision to withhold over 5,000 emails.  Second, Paatalo's deposition testimony shows a deep misunderstanding of what disclosure is required by the Rules.  (*See* Doc. 17-1 (Paatalo consistently refusing to answer questions on the improper basis of "privilege," "confidentiality," and "relevance").)  It is not Paatalo's place to say what is or is not relevant to the underlying litigation here.  Nor does he get to define the scope of discovery.  Paatalo will be given one more opportunity to disclose the identified documents before he will face daily contempt sanctions.

Accordingly, IT IS ORDERED that by 5:00 p.m. on April 22, 2026, Paatalo must disclose to Defendants all 6,143 emails identified in his "Non-Party Response and Objection[]," (Doc. 17-2), without regard to his interpretation of their "responsiveness."  By that same date and time, he must also provide Defendants with a notice that accounts for all 6,143 emails.  For example, if ten of those "6,143 emails" are in a single email thread, that notice must explicitly identify that thread and the number of emails present therein.  Put simply, Paatalo must disclose and account for all 6,143 emails identified in his February 23, 2026 disclosure. (*See* Doc. 17-2.)

IT IS FURTHER ORDERED that if Paatalo fails to make a full and complete disclosure consistent with the above, he will be subject to a contempt

4

sanction of $100 per day until he has complied with this Order.  Barring his compliance, that sanction will begin on April 23, 2026.

IT IS FURTHER ORDERED that Paatalo may file a response to Defendants' affidavits for fees and costs, (Docs. 27, 28), by April 24, 2026.  The Court RESERVES ruling on a further contempt order associated with those fees and costs until after that date.

IT IS FURTHER ORDERED that because of the expedited disclosure deadline, the Clerk is directed to provide a courtesy copy of this Order to Paatalo via email at bill.bpia@gmail.com

DATED this __20__ day of April, 2026.

15:17 P.M.

Donald W. Molloy, District Judge
United States District Court

5