Gunnar O. Boose
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
goboose@garlington.com

Jessica R. MacGregor *(Pro Hac Vice)*
465 California St, 5th Floor
San Francisco, CA 94104
Phone (415) 397-2222
Fax (415) 397-6392
jmacgregor@longlevit.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| In re Subpoena to:<br><br>WILLIAM PAATALO,<br>Non-Party Movant | 9:26-MC-00001-DWM<br><br>BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL FORENSIC EXAMINATION OF ELECTRONICALLY STORED INFORMATION |

Steven Wilker and Tonkon Torp, LLC (collectively, "Defendants"), by and through their counsel of record, hereby respectfully move this Court for an order compelling William Paatalo ("Mr. Paatalo") to permit a forensic inspection of

electronically stored information ("ESI") within his possession, custody, or control.

## I. OVERVIEW

Unfortunately, the Court is quite familiar with Mr. Paatalo's failure to comply with the Court's orders. On April 20, 2026, this Court ordered Mr. Paatalo to produce all emails Mr. Paatalo identified in his February 23, 2026 categorical privilege log. (Doc. 33). The Court's latest order found Mr. Paatalo in contempt for his previous refusal to provide responsive documents. (Doc. 38).

The trial court has found that Mr. Paatalo was working in concert with Gary Koeppel ("Mr. Koeppel"), a Plaintiff in the underlying matter. 4th Found. Decl. Jessica MacGregor ¶ 2, May 8, 2026 ("4th Decl. MacGregor"), Ex. A: Tr. Pret. Proc. 4:12-19, *Koeppel et al. v. Wilker et al.*, (N.D. Cal. May 5 2026) (No. 5:24-CV-06457) ("Transcript"). The trial court is expected to issue sanctions for the related discovery misconduct, including failure to produce communications with Mr. Paatalo. Transcript 16:4-16. The amount of monetary sanctions is dependent on a forthcoming accounting from Defendants. *Id.* Mr. Paatalo, despite having been found in contempt, continues to withhold responsive documents.

The purpose of this Motion is to notify the Court of Mr. Paatalo's ongoing non-compliance and to request an order from this Court compelling Mr. Paatalo to

permit a forensic examination of ESI within his possession, custody, or control, including Mr. Paatalo's Gmail accounts. It is apparent that Mr. Paatalo will continue to withhold production of responsive and relevant documents, obfuscate the true amount of responsive documents, and mislead the parties and the Court. Accordingly, Defendants respectfully request an order compelling Mr. Paatalo to provide access to a forensic IT consultant for the purpose of extracting responsive documents from Mr. Paatalo's Gmail accounts.

A meet and confer with Mr. Paatalo is futile given the posture of this case and Mr. Paatalo's ongoing contemptuous conduct. Pursuant to Local Rule 26.3(c) and Fed. R. Civ. P. 37(1), to the extent such an obligation exists, the undersigned counsel certifies that previous attempts at a resolution to the discovery dispute have been attempted. (Doc. 16 at 2).

## II. LEGAL STANDARD

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D)

"A motion to compel pursuant to Rule 37 is the proper vehicle to compel a non-party to provide discovery and produce documents in response to a Rule 45 subpoena." *Patterson v. Chiappa Firearms, USA, Ltd.*, No. MC-21-21-M-DLC-

KLD, 2021 U.S. Dist. LEXIS 225090, at *4 (D. Mont. Nov. 22, 2021) (citation omitted).

"[A] court may order a forensic examination of electronic devices when there is reason to question the candor of a party's production in response to a Rule 45 subpoena." *Ignite Spirits, Inc. v. Consulting by AR, Ltd. Liab. Co.*, No. 2:21-cv-01590-JCM-EJY, 2022 U.S. Dist. LEXIS 182226, at *9 (D. Nev. Aug. 11, 2022) (citing *Addison v. Monarch & Assocs.*, No. CV 14-00358-GW (JEMx), U.S. Dist. LEXIS 195629 (C.D. Cal. Nov. 10, 2016)). "[C]ourts generally order a forensic examination of an electronic device only after a finding of some discovery violation." *Ignite Spirits*, at *13-14 (citation omitted). Misstatements by the producing party and failure to produce may warrant inspection of electronically stored information. *Addison*, at *4.

## III. ARGUMENT

On April 22, Mr. Paatalo produced only a smattering of the previously identified but yet unproduced emails. Mr. Paatalo attempted to obfuscate his incomplete and misleading production by providing thousands of emails with attachments consisting of declarations submitted in entirely unrelated cases. This production artificially inflated the total number of documents and communications produced, augmenting the email count and providing a false narrative for claiming

that Mr. Paatalo was in compliance with this Court's numerous orders requiring complete production.

Defendants believe Mr. Paatalo included thousands of emails attaching unrelated declarations in an attempt to mislead the Court that Mr. Paatalo is not in further contempt based on the numbers of documents produced. A further review of Mr. Paatalo's production reveals that he continues to disregard this Court's orders and remains in contempt.

In order to understand why Mr. Paatalo remains in contempt, an analysis of Mr. Paatalo's February 23, 2026 Response and Categorical Privilege Log is necessary. There, Mr. Paatalo represented that he (1) objected to collecting, reviewing, and producing declarations that he signed under penalty of perjury, and further identified no such declarations, and (2) identified a total email population of 6,143 emails. (Doc. 17-2). The emails were subdivided into six responsive categories by subject, time frame, and participants, with a seventh category consisting of unresponsive documents claimed to consist of 15-20% of the total email population. (Doc. 17-2).

The responsive and purportedly nonresponsive documents identified by Mr. Paatalo, by category, were identified as follows:

1. Pre-Counsel Investigative Communications
    a. February 7, 2012 – August 1, 2025
    b. Gary Koeppel and Bill Paatalo

2. Quiet Title Litigation Support Period
    a. August 2, 2015 – March 1, 2018
    b. Gary Keoppel, Ron Freshman, Kimberley Cromwell, Bill Paatalo
3. Continuing Investigative Consulting And Proprietary Research
    a. March 1, 2018 – May 14, 2021
    b. Gary Koeppel and Bill Paatalo
4. Declaratory Relief Litigation Support
    a. May 14, 2021 – September 26, 2022
    b. Gary Koeppel, Ron Freshman, Kimberley Cromwell, William Paatalo
5. Wilker Litigation Period
    a. February 3, 2021 – November 29, 2023
    b. Produced 404 emails on February 23, 2026
6. Consulting Litigation Support And Proprietary Business Development
    a. November 29, 2023 – Present
    b. Gary Koeppel and William Paatalo
7. Personal And Non-Responsive Communications
    a. February 7, 2012 – Present
    b. No participants identified
    c. "Purely personal communications unrelated to the matters at issue, including family correspondence, social communications and private matters"

*Id.* Mr. Paatalo estimated that category 7 comprised 15-20% of the 6,143 emails. (Doc. 17-2 at 6). In other words, 921 to 1,228 of the 6,143 emails were allegedly "private" and not related while 5,222 to 4,915 were not private and unrelated and were responsive to Defendants document subpoena.

Importantly, each of the six categories of documents identified as responsive by Mr. Paatalo reportedly include communications with Mr. Koeppel and/or his attorneys. (Doc. 17-2). Nonetheless, far fewer than the universe of 5,222 emails have been produced by Mr. Paatalo. Mr. Paatalo has made four productions

("Productions") of his email communications identified in his February 23, 2026 privilege log:

| DATE | EMAIL COUNT |
|---|---|
| February 24, 2026 | 340 |
| April 1, 2026 | 154 |
| April 16, 2026 | 156 |
| April 22, 2026 (Non-Responsive Koeppel Communications)[1] | 627 |
| Total Emails | 1,277 |

4th Decl. MacGregor ¶ 4. Based on Mr. Paatalo's representation on February 23, 2026, he has produced only 20% of the emails he identified and continues to withhold 80%.

Searches were conducted of the Production to gain a better understanding of what has not yet been produced. Despite the high level of foreclosure and litigation activity from 2023 to the present, only 244 of the emails in the Production are from this time period. 4th Decl. MacGregor ¶ 6(a). Although it is well known Mr.

[1] Many of these emails report on and attach pictures of Mr. Paatalo's children. It appears Mr. Paatalo produced some of the materials which were identified as "Personal and Non-Responsive" in his February 23, 2026 log.

Paatalo and Mr. Koeppel are involved in a business called Rexnet which apparently has a business plan to sell AMGAR, Mr. Paatalo produced only two documents related to this enterprise. 4th Decl. MacGregor ¶ 6(b). The Productions include only 123 emails with Mr. Freshman, the California attorney who has represented Mr. Koeppel in the underlying litigation for approximately a decade. 4th Decl. MacGregor ¶ 6(c).

To make it appear he has complied with this Court's orders, Mr. Paatalo also produced "additional non-responsive documents" on April 22, 2026, which include 5,136 emails relating to declarations executed by Mr. Paatalo in the past ten years. 4th Decl. MacGregor ¶ 7, Ex. B: Acct. Prod. & Commc'ns – William Paatalo 21, Apr. 22, 2026. Most of the emails and their attachments consist of declarations Mr. Paatalo drafted in other matters. The emails are overwhelmingly sent to a variety of recipients other than Mr. Freshman or Mr. Koeppel. 4th Decl. MacGregor ¶ 8. Mr. Paatalo initially objected to producing any declaration he signed in the last 10 years and he was careful not to include them in his categorical log of the 6,143 emails he gathered. (Doc. 17-2). It is clear that none of the 5,147 "additional non-responsive" emails produced by Mr. Paatalo on April 22, 2026 was ever part of the original count of emails.

Defendants have conducted word searches on each entry included in Mr. Koeppel's 273 item privilege log (Doc. 23-1). Except for 18 emails produced on

April 16, 2026, no other documents were produced from the log. 4th Decl. MacGregor ¶ 9; Transcript 6:1-6. Mr. Paatalo was identified as a sender, recipient, or participant in 256 email threads consisting of an unknown number of total emails. (Doc. 23-1). Of the email threads on Plaintiff's privilege log which identify Mr. Paatalo as a sender, recipient, or participant, 218 email threads appear to also include Plaintiff's California attorney, Mr. Freshman. (Doc. 23-1).

In summary, Paatalo has continued to withhold responsive documents despite the multiple clear orders from this Court. The specific number of emails which remain unproduced is not clear. However, no fewer than 238 email threads consisting of an unknown number of unique emails referred to in Gary Koeppel's privilege log have not been produced by Mr. Paatalo. The total number of emails which remain unproduced is likely much higher. In any event, the emails which have not been produced are sufficient to justify a forensic examination of Mr. Paatalo's Gmail accounts.

In *Bank of Mongolia v. M&P Global Financial Services, Inc.*, documents were identified by a third party which should have been produced by the party which received discovery requests. 258 F.R.D. 514, 517 (S.D. Fla. 2009). The court held that identification of documents which were responsive to the plaintiff's discovery requests which were withheld "support[ed] the possibility of the existence of additional responsive document that [had] not been produced." *Id.* at

520. The court ordered an examination of the responding party's computer records. *Id.*

Defendants are cognizant of the privacy interests at stake in allowing a forensic examination of Mr. Paatalo's Gmail accounts. However, Mr. Paatalo has already defied this Court's orders and has been an active participant in ongoing discovery abuses. Given the circumstances, a forensic examination is warranted. *See Ignite Spirits* at *13-14 (a forensic examination may be warranted after discovery violations and misstatements by the producing party). A forensic examination of Mr. Paatalo's Gmail accounts will reveal that Mr. Paatalo has withheld documents which are responsive to Defendants' document subpoena, even after Mr. Paatalo was ordered to produce all responsive documents and has been held in contempt for failing to do so. A data extraction is likely the only way to be sure of the true breadth of responsive documents given Mr. Paatalo's ongoing attempt to hide the responsive documents and produce thousands of unrelated emails.

## IV. CONCLUSION

Defendants respectfully request that this Court enter an order compelling Mr. Paatalo to allow a forensic examination of his Gmail accounts and to cooperate with Defendants in providing access for a data extraction of all responsive emails and communications. Defendants also respectfully request this Court enter an order

awarding Defendants' costs and attorneys' fees in relation to Mr. Paatalo's ongoing contemptuous refusal to produce documents which this Court has ordered Mr. Paatalo to produce, including the fees and costs associated with the present Motion and the costs and fees associated with conducting a forensic examination of Mr. Paatalo's Gmail accounts.

DATED this 8th day of May, 2026.

/s/ Gunnar O. Boose

Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this **Brief in Support of Defendants' Motion to Compel Forensic Examination of Electronically Stored Information** is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Word for Microsoft 365 MSO, is 1,971 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

/s/ Gunnar O. Boose
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, a copy of the foregoing document was served on the following persons by the following means:

________ Hand Delivery
1-2 Mail
________ Overnight Delivery Service
________ Fax (include fax number in address)
1-2 E-Mail (include email in address)

1. William J. Paatalo
   476 LaBrie Dr
   Whitefish, MT 59937
   bill.bpia@gmail.com
   *Plaintiff, Pro Se*

2. Gary Koeppel
   24685 Outlook Dr
   Carmel, CA 93923
   gkoeppel@icloud.com

/s/ Madison T.Y. Stone