UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| KOEPPEL, AS AN INDIVIDUAL AND AS TRUSTEE FOR THE KOEPPEL FAMILY TRUST, ET AL., | ) | 5:24-CV-06457 NW |
| PLAINTIFFS, | ) | SAN JOSE, CALIFORNIA |
| VS. | ) | MAY 5, 2026 |
| WILKER, ET AL. | ) | PAGES 1 -19 |
| DEFENDANTS. | ) | |

TRANSCRIPT OF PRETRIAL PROCEEDINGS
BEFORE THE HONORABLE NOEL WISE
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFFS: LAW OFFICES OF RONALD H. FRESHMAN
3040 SKYCREST DRIVE
FALLBROOK, CALIFORNIA 92028
**BY: RONALD H. FRESHMAN**

FOR THE DEFENDANTS: LONG & LEVIT LLP
465 CALIFORNIA STREET, SUITE 500
SAN FRANCISCO, CALIFORNIA 94104
**BY: JESSICA R. MACGREGOR**
**ABIGAIL W. HENDERSON**

OFFICIAL COURT REPORTER: TIFFANY SALINAS-HARWELL, RPR
CERTIFICATE NUMBER 971863

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

SAN JOSE, CALIFORNIA MAY 5, 2026

P R O C E E D I N G S

(COURT CONVENED AT 2:07 P.M.)

**THE CLERK:** ALL RISE. THIS COURT IS NOW IN SESSION, THE HONORABLE JUDGE WISE PRESIDING.

**THE COURT:** EVERYBODY, PLEASE BE SEATED.

**THE CLERK:** NOW CALLING 24-CV-06457, KOEPPEL, AS AN INDIVIDUAL AND AS TRUSTEE FOR THE KOEPPEL FAMILY TRUST, ET AL. VERSUS WILKER, ET AL.

MAY I PLEASE HAVE APPEARANCES, BEGINNING WITH THE PLAINTIFF.

**MR. FRESHMAN:** RON FRESHMAN APPEARING FOR THE PLAINTIFF, MY CLIENT GARY KOEPPEL IS PRESENT NEXT TO ME.

**THE COURT:** THANK YOU.

**MS. MACGREGOR:** GOOD AFTERNOON, YOUR HONOR.

JESSICA MACGREGOR FOR THE DEFENDANTS, AND I'M JOINED BY MY COLLEAGUE, ABIGAIL HENDERSON.

**THE COURT:** THANK YOU.

I'M GOING TO ADDRESS A COUPLE OF THINGS TODAY. THE FIRST IS I WANT TO CLARIFY ONE THING, AND I WILL DO THAT TOWARDS THE END REGARDING THE MOTION FOR RECONSIDERATION.

BUT PRIMARILY WHAT WE'RE HERE TO DO TODAY IS THE COURT IS GOING TO ADDRESS THE MOTION FOR SANCTIONS THAT HAS BEEN FILED BY THE DEFENSE. I AM GOING TO ADDRESS TWO ASPECTS OF THAT REQUEST TODAY FOR SANCTIONS. THE ATTORNEYS' FEES REQUEST THAT

HAS BEEN MADE AND THAT COULD BE DETERMINED THROUGH TODAY'S DATE THAT ARE ATTRIBUTABLE TO THE PLAINTIFF AND TO PLAINTIFF'S COUNSEL, AND SEPARATELY, THE COURT IS GOING TO TAKE UP AN ISSUE NOT AS A SANCTION THAT WILL GO DIRECTLY TO THE DEFENSE BUT AS A SANCTION TO THE COURT.

I JUST WANT TO BEGIN BY NOTING THAT INCLUDING THROUGH THE FILINGS THAT THE COURT IS IN RECEIPT OF FROM THE PLAINTIFF JUST EVEN IN THE LAST COUPLE OF DAYS, THAT IN EVERY FILING THAT THE COURT HAS RECEIVED FROM MR. FRESHMAN, MR. FRESHMAN, YOU HAVE TAKEN WHAT APPEARS TO BE NO RESPONSIBILITY WHATSOEVER FOR YOUR ACTIONS THAT HAVE VIOLATED COURT RULES AND COURT ORDERS AND THAT HAVE CAUSED EXTENSIVE DELAYS, INCLUDING MOVING THE TRIAL SEVERAL TIMES AND ULTIMATELY LOSING THE ENTIRE JURY PANEL THAT WAS CALLED TO SERVE ON THIS CASE.

YOU ALSO ACCEPT SEEMINGLY NO RESPONSIBILITY FOR THE EVENTS THAT OCCURRED IN MONTANA AS IT RELATES TO MR. PAATALO'S NONCOMPLIANCE WITH COURT ORDERS AND THE FINDING OF CONTEMPT; ULTIMATELY THAT MEANT THAT THIS CASE COULD NOT PROCEED TO TRIAL AS SCHEDULED.  AT TIMES, I WILL NOTE THAT YOU'VE ALLEGED MR. PAATALO AS YOUR AGENT AND SHOULD, WITHOUT ANY LEGAL AUTHORITY TO SUPPORT IT, BENEFIT FROM ATTORNEY-CLIENT OR WORK-PRODUCT PRIVILEGE.  IN WHICH CASE I WILL ALSO NOTE THAT THAT SUGGESTS YOU AT ALL TIMES, IF THAT HAD BEEN THE CASE, HAD THE AUTHORITY TO DIRECT HIM TO PRODUCE THE DOCUMENTS THAT WERE AT ISSUE AND THAT THE DEFENDANTS HAVE BEEN ASKING FOR IN THIS

CASE FOR MONTHS.

AT OTHER TIMES YOU ATTEMPT TO DISTANCE YOURSELF FROM MR. PAATALO AND EVEN FROM YOUR OWN CLIENT, SUGGESTING THAT THEY WERE ACTING INDEPENDENTLY WITHOUT YOUR ASSISTANCE WHEN DEFINING THE MONTANA COURT ORDERS.

BASED ON WHAT WAS FILED IN MONTANA, AND I WANT TO BE CLEAR THAT WHAT I'M REFERRING TO IS NOT ANYTHING THAT HAD YOUR NAME ON IT, MR. FRESHMAN, BUT FILINGS THAT WERE MADE BY MR. PAATALO AND BY YOUR CLIENT, WHO IS HERE TODAY. THEY BEAR STRIKING SIMILARITIES TO THE ARGUMENTS AND STYLE OF WRITING FOR FILINGS THAT HAVE BEEN MADE IN THIS COURT.

BASED ALSO ON THE VARIOUS COMMENTS YOU'VE MADE IN THIS COURT REGARDING YOUR PARTICIPATION IN REVIEWING THE MATERIALS AND FILINGS IN MONTANA AND IN ADDITION TO YOUR DEMEANOR IN RESPONDING TO THE COURT'S QUESTIONS, WHICH I THINK CAN CONSERVATIVELY BE DESCRIBED AS EVASIVE AND INCONSISTENT, THE COURT FINDS THAT YOU, YOUR CLIENT MR. KOEPPEL, AND MR. PAATALO WORKED IN CONCERT IN MONTANA BOTH TO EVADE THE ORDERS AND THE OBLIGATIONS YOU HAD TO THIS COURT AND TO THE COURT IN MONTANA.

ACCORDINGLY, THE COURT'S GOING TO IMPOSE A COMBINATION OF SANCTIONS TO ADDRESS THE CHOICES THAT YOU AND YOUR CLIENT HAVE MADE. UNFORTUNATELY, I'M NOT GOING TO BE ABLE TO DO THAT COMPREHENSIVELY RIGHT NOW FOR A FEW REASONS. THE FIRST IS BECAUSE IT'S STILL NOT CLEAR TO ME, BOTH, WHAT THE STATUS OF PRODUCTION IS IN MONTANA AND HERE, SO I WANT TO START OFF

ACTUALLY ASKING THE DEFENSE. MY UNDERSTANDING FROM THE LATEST ORDER IN MONTANA THAT IS RELATED TO THE CONTEMPT IS THAT IT'S THE COURT'S BEST UNDERSTANDING AT THIS POINT, THAT -- THE COURT IN MONTANA'S BEST UNDERSTANDING IS THAT THE -- INSOFAR AS THE COURT KNOWS, THE PRODUCTION THAT WAS ORDERED HAS BEEN PROVIDED.

SO MY QUESTION TO YOU IS, IS THAT YOUR UNDERSTANDING, HAVING REVIEWED THOSE DOCUMENTS? BUT MORE IMPORTANTLY, WHAT'S YOUR STATUS IN HAVING REVIEWED WHATEVER THAT VOLUME OF DOCUMENTS THAT IS?

**MS. MACGREGOR:** YES, YOUR HONOR.

AS WE REPORTED IN THE CMC, IT TOOK SOME -- A LOT OF WORK TO TRY TO FIGURE OUT WHAT WE GOT IN THE LAST PRODUCTION FROM MR. PAATALO. IT'S SUBSTANTIALLY INCOMPLETE; HIS -- BASED ON THE FEBRUARY 23, 2026, SUBMISSION THAT HE MADE IN THE MONTANA MATTER, WHERE HE PROVIDED A CATEGORICAL LOG, HE IDENTIFIED 6,143 E-MAILS, AND HE CATEGORIZED THEM, AND WE PUT THAT ALL IN THE CMC STATEMENT.

SO THERE WERE SEVEN CATEGORIES, AND NONE OF THEM WERE HIS DECLARATIONS. HE'S PRODUCED MAYBE, I DON'T KNOW IF IT EVEN REACHED A THOUSAND E-MAILS. WITH MR. KOEPPEL, HE IDENTIFIED 6,143 RESPONSIVE ONES, AND THEN IT'S OUR VIEW THAT IN ORDER TO OBFUSCATE THE INCOMPLETE PRODUCTION -- LET ME STOP FOR A MOMENT. NONE OF THE MATERIALS HE PROVIDED WERE THOSE THAT WERE INCLUDED ON THE LOG THAT WAS SUBMITTED BY MR. KOEPPEL IN MONTANA.

SO REMEMBER, MR. KOEPPEL MOVED TO INTERVENE. 273 DOCUMENTS WERE LOGGED. MR. PAATALO HAS PRODUCED 18 OF THEM, AND THE BALANCE OF THEM HAVE NOT BEEN PRODUCED, AND THAT REQUIRED US PAINSTAKINGLY WORD SEARCHING FOR EACH OF THE SUBJECTS OR, YOU KNOW, SPECIFIC WORDS IN THE LINE ITEMS OF THAT LOG.

SO THERE WAS A SIGNIFICANT PRODUCTION OF E-MAILS ATTACHING DECLARATIONS THAT MR. PAATALO PROVIDED IN OTHER MATTERS THAT BROUGHT THE DOCUMENT COUNT UP, BUT THAT IS SEPARATE FROM THE 6,143 E-MAILS THAT HE IDENTIFIED THAT WERE COMMUNICATIONS WITH MR. KOEPPEL AND/OR MR. KOEPPEL AND OTHER PEOPLE THAT HE SET FORTH IN THAT CATEGORICAL LOG WITH THE CATEGORIES ONE THROUGH SEVEN.

**THE COURT:** WHAT IF ANYTHING, HAVE THE DEFENDANTS DONE ABOUT THAT IN MONTANA?

**MS. MACGREGOR:** WE ARE WORKING WITH LOCAL COUNSEL TO FILE A NOTICE OF THE INCOMPLETE PRODUCTION AND ASKING THAT THE COURT REQUIRE MR. PAATALO TO COME TO COURT WITH HIS COMPUTER SO THAT IT CAN BE -- AN E-DISCOVERY PROVIDER CAN COME AND IMAGE WHATEVER IS ON THE COMPUTER THAT THE 6,143 E-MAILS THAT HE'S IDENTIFIED.

**THE COURT:** HAVE YOU REVIEWED EVERYTHING THAT HAS BEEN SUBMITTED SO FAR?

**MS. MACGREGOR:** BY MR. PAATALO?

**THE COURT:** YES.

**MS. MACGREGOR:** YES, WE HAVE. I MEAN, I HAVE NOT GONE DOCUMENT BY DOCUMENT. I WENT -- SUBSTANTIALLY, YES. FOR THE MASS OF THE 5,000 E-MAILS WITH DECLARATIONS, I DID NOT PAINSTAKINGLY GO THROUGH 5,000 OF THOSE E-MAILS.

**THE COURT:** WHEN DID YOU GET THEM?

**MS. MACGREGOR:** APRIL 22ND.

**THE COURT:** MR. FRESHMAN, I WANT TO FOLLOW UP ON THE OTHER COMPONENT OF PRODUCTION.

THIS IS THE COURT'S ORDER OF APRIL 23RD. IN THAT ORDER, THE COURT INDICATED THAT BY NO LATER THAN MAY 1ST, PLAINTIFFS SHALL PRODUCE ANY AND ALL DOCUMENTS OR COMMUNICATIONS OR E-MAILS IN THEIR POSSESSION, CUSTODY, OR CONTROL, RESPONSIVE TO -- AND THEN THE COURT PROVIDED A WHOLE SERIES OF CATEGORIES.

THAT WAS THE SUBJECT OF A MOTION FOR RECONSIDERATION. THE COURT DID NOT CHANGE ANYTHING IN ITS ORDER, FINDING THAT BOTH THE BASIS FOR THE ORDER, THE REASONING BEHIND IT, AND THE DECISION ITSELF WAS CORRECT. ONE OF THE THINGS THE COURT DID DO, HOWEVER, WAS TO GIVE YOU A LITTLE BIT MORE TIME TO STAY YOUR TURNING OVER THE DOCUMENTS FOR WHICH YOU WERE CLAIMING THAT THERE WAS A PRIVILEGE. SO ALL OF THE DOCUMENTS THAT WERE NOT PRIVILEGED OR AT LEAST THAT YOU WERE NOT CLAIMING A PRIVILEGE FOR WERE DUE, INITIALLY BY MAY 1ST, BUT THE COURT PROVIDED SOME ADDITIONAL TIME UNTIL MAY 4TH.

WHAT THE COURT HAS RECEIVED BACK FROM YOU IS SOMEWHAT UNCLEAR. IT SEEMS TO BE AN INDICATION THAT YOU'RE DOING THIS

ON A ROLLING BASIS EVEN THOUGH THAT'S NOT WHAT THE COURT ORDERED. WHAT'S THE STATUS OF THAT?

**MR. FRESHMAN:** YES. FOR MR. KOEPPEL'S PRODUCTION WE WENT THROUGH A PRETTY DETAILED LIST OF IDENTIFIERS OR NAMES, ESSENTIALLY, SO WE WOULD HAVE MR. PAATALO'S E-MAIL ADDRESSES.

I HAVE -- LET ME JUST GET TO -- JUST REAL QUICK, HANG ON. SORRY.

**THE COURT:** I'M REALLY JUST TRYING TO BETTER UNDERSTAND WHAT YOU THINK YOU HAVE LEFT TO DO.

HAVE YOU TURNED OVER EVERYTHING FOR WHICH YOU ARE NOT CLAIMING A PRIVILEGE?

**MR. FRESHMAN:** SO FAR WE HAVE PROVIDED 2015 THROUGH 2018 NON-PRIVILEGED E-MAILS. AND WE'VE GONE THROUGH THOSE SAME E-MAILS, AND BASICALLY THERE'S SORT OF LIKE THREE BOXES, YOUR HONOR. ONE IS NON-PRIVILEGED. THE NEXT IS -- IT MIGHT HAVE ATTORNEY WORK PRODUCT, SO THERE'S -- THE NEXT BOX HAS THE E-MAIL WITH REDACTIONS. AND THEN THE NEXT BOX WOULD BE THE ONE THAT HAS -- THAT IS BASICALLY ALL PRIVILEGED.

SO FOR THE 2015 --

**THE COURT:** AND YOU'RE CREATING --

HOLD ON A SECOND. AND YOU'RE CREATING A LOG FOR ANYTHING FOR WHICH YOU REDACTED SOMETHING OR FOR WHICH YOU'RE CLAIMING A PRIVILEGE?

**MR. FRESHMAN:** THAT'S CORRECT.

**THE COURT:** BUT SO FAR YOU HAVE ONLY DONE THAT --

**MR. FRESHMAN:** SO WE HAVE THE 2018, EXCUSE ME, UP TO -- 2015 TO 2018, AND THEN WE'RE -- BECAUSE OF THE TIME, THE COMPRESSED TIME THAT WE'RE DEALING WITH, WE TRIED TO GET EVERYTHING DONE, BUT I COULDN'T -- COULD NOT GET IT DONE. I COULD NOT COMPLETE THE TASK. AND SO WE HAVE --

**THE COURT:** HOLD ON. HOLD ON.

I JUST WANT TO BE SURE I UNDERSTAND. FROM 2015 TO 2018, EVERYTHING THAT WAS EITHER IN YOUR VIEW WAS NOT PRIVILEGED OR JUST NEEDED A REDACTION THAT'S ON YOUR LOG. HAVE ALL OF THOSE DOCUMENTS FROM 2015 TO 2018 BEEN TURNED OVER TO COUNSEL?

**MR. FRESHMAN:** YES, THEY HAVE.

**THE COURT:** WHEN WERE THEY TURNED OVER?

**MR. FRESHMAN:** I BELIEVE THEY WERE TURNED OVER YESTERDAY. WAIT -- YESTERDAY BEFORE 5:00 P.M.

**THE COURT:** OKAY. SO FOR 2018 FORWARD, MUCH OF WHICH IS PRESUMABLY THE MOST RELEVANT DOCUMENTS FOR THIS LITIGATION, WHEN DO YOU ANTICIPATE COMPLYING WITH THE COURT'S ORDER?

**MR. FRESHMAN:** THAT'S WHY IT WAS TERMED A ROLLING PRODUCTION BECAUSE AS WE COMPLETE IT -- AND I'M GETTING TO THE ANSWER. WHEN WE COMPLETE IT, EACH GROUP -- AND SO WE HAVE 2015 TO 2018 AND 2022 TO 2026. SO THE 2019 --

**THE COURT:** WAIT A MINUTE, HOLD ON. WHAT ABOUT BETWEEN --

**MR. FRESHMAN:** -- FROM 2019 TO 2021 WERE HOLDING OFF ON BECAUSE I THINK THE MOST IMPORTANT ONES WOULD BE THE 2022

THROUGH 2026, SO WE WANT TO GET THOSE TO THE COURT AND MR. MACGREGOR SOONER. THAT'S THE REASON IT'S -- WE'VE UNCOVERED AND THROUGH THE SEARCH TERMS, AND I CAN IDENTIFY WHAT THOSE SEARCH TERMS ARE --

**THE COURT:** THAT'S NOT NECESSARY.

RIGHT NOW I JUST WANT TO KNOW WHEN YOU INTEND TO COMPLY.

**MR. FRESHMAN:** THAT'S WHY WE'RE ASKING FOR A STAY TO GO A BIT LONGER. WE WOULD EASILY NEED SEVEN COURT DAYS TO GET --

**THE COURT:** WHAT DO THE COURT DAYS HAVE TO DO WITH IT?

**MR. FRESHMAN:** JUST THE TIME THAT IT WOULD TAKE TO GET IT DONE.

**THE COURT:** SEVEN MORE DAYS TO COMPLETE EVERYTHING?

**MR. FRESHMAN:** I BELIEVE SO. I'M HOPING. IT'S A MASSIVE -- IT'S A MASSIVE PROJECT, AND WE'VE UNCOVERED 2,200 E-MAILS --

**THE COURT:** AND TO BE -- TO BE CLEAR, I MEAN, COUNSEL HAS NOT ASKED FOR RELIEF FROM THE ORDER. YOU HAVEN'T SPECIFICALLY FILED A MOTION FOR THAT, INDICATING THAT YOU WOULD LIKE TO HAVE SEVEN ADDITIONAL DAYS TO DO THIS; THIS IS WHAT IT'S GOING TO TAKE.

THIS GOES TO THE COURT'S UNDERLYING POINT THAT I CAN'T FULLY RESOLVE WHAT THE SANCTIONS SHOULD BE NOW BECAUSE I DON'T KNOW HOW LONG THE DEFENDANTS ARE GOING TO HAVE TO WAIT TO GET

THIS INFORMATION. I DON'T KNOW WHAT YOU'RE GOING TO PUT ON THE PRIVILEGE LOG. I DON'T KNOW HOW LONG IT'S GOING TO TAKE THEM TO REVIEW ALL OF THOSE MATERIALS, AND THEREFORE, I DON'T KNOW HOW LONG IT'S GOING TO BE BEFORE WE CAN EVEN CONTEMPLATE RESETTING THIS MATTER FOR TRIAL BECAUSE MANY OF THESE THINGS MAY TRIGGER THE NECESSITY TO TAKE -- I ASSUME IT'S NOT ANYBODY NEW, BUT I DON'T KNOW -- TO TAKE DEPOSITIONS OR RETAKE DEPOSITIONS WITH THE BENEFIT OF THE DOCUMENTS THAT THEY DIDN'T HAVE BEFORE.

FURTHER, AS YOU HAD SUGGESTED LAST TIME, EVEN IF THE COURT ULTIMATELY AGREES WITH YOU, THAT POTENTIALLY OPENS UP THE ENTIRE BRIEFING THAT WILL GO TO OTHER SUBSTANTIVE MOTIONS THAT NOBODY CAN QUITE KNOW WHAT THEY ARE YET. THAT'S SOMETHING THAT YOU OFFERED AS A SOLUTION. IT WOULD BE SOMETHING, AT A MINIMUM, THE COURT WOULD NEED TO DO, BUT I CAN'T SET A SCHEDULE FOR ANY OF THAT UNTIL YOU FINISH.

**MR. FRESHMAN:** RIGHT.

**THE COURT:** SO I'M HEARING YOU SAY THAT, ALTHOUGH YOU ARE OUT OF COMPLIANCE WITH THE COURT'S ORDER NOW, THAT YOU BELIEVE YOU CAN FULLY AND YOU WILL COMPLETELY COMPLY IN SEVEN DAYS. IS THAT CORRECT?

**MR. FRESHMAN:** YES, THAT'S CORRECT.

**THE COURT:** AND TODAY'S IS --

**MR. FRESHMAN:** BUT, YOUR HONOR, THE NEXT TWO DAYS I HAVE OTHER -- ANOTHER ISSUE THAT I HAVE TO DEAL WITH. IT'S NOT

RELATED TO THIS THAT IS GOING TO TAKE UP THE NEXT TWO DAYS, SO THAT IS WHY I WAS ASKING FOR SEVEN COURT DAYS. IT WOULD PUT IT OUT NINE, I GUESS, NINE TOTAL. NINE DAYS FROM TODAY.

**THE COURT:** WELL, THAT'S A WEEKEND.

**MR. FRESHMAN:** OKAY THEN WHATEVER THE MONDAY IS AFTER THAT.

**THE COURT:** TODAY IS THE 5TH, SO --

I'M GOING TO PROVIDE YOU WITH WHAT YOU'VE ASKED FOR AT THIS POINT, NOT AS RELIEF FROM THE COURT'S PREVIOUS ORDER --

**MR. FRESHMAN:** I UNDERSTAND.

**THE COURT:** -- BUT ACKNOWLEDGING THAT THAT'S WHAT YOU HAVE INDICATED. THAT YOU WILL HAVE FULLY COMPLETED THIS, MEANING YOU WILL HAVE TURNED OVER ALL DOCUMENTS THAT YOU DO NOT DEEM PRIVILEGED OR THE REDACTED VERSIONS OF THE DOCUMENTS THAT YOU DO, WITH IT BEING ON THE PRIVILEGE LOG BY NO LATER THAN THE END OF THE DAY ON THURSDAY THE 14TH.

FURTHER, THAT YOU WILL SUBMIT A COMPLETE PRIVILEGE LOG TO THE COURT AT THAT TIME. PLEASE DON'T JUST DO PART OF IT FROM WHAT YOU'VE PROVIDED BEFORE, BUT THAT YOU HAVE A SINGLE AND COMPLETE PRIVILEGE LOG FOR WHAT YOU'RE ALLEGING IS THE PRIVILEGE.

I WANT TO BE CLEAR, IF I WASN'T BEFORE, THAT THE COURT IS -- OTHER THAN THE CLARIFICATION THAT IT MADE IN ITS ORDER. THE COURT IS DENYING THE MOTION FOR CONSIDER -- RECONSIDERATION THAT WAS FILED.

ALL RIGHT. SO I WANT TO TURN TO TWO DIFFERENT PIECES OF THIS. AS I SAID, I CAN'T -- I CANNOT FULLY ADDRESS THE SANCTIONS REQUEST AT THIS POINT BECAUSE THERE'S TOO MANY OUTSTANDING PIECES. I DO NOT KNOW WHAT THE FULL SET OF CONSEQUENCES WILL BE. INCLUDING, UNTIL THE DISCOVERY IS DONE, UNTIL THEY'VE HAD A CHANCE TO REVIEW IT, UNTIL THEY CAN DETERMINE, FOR EXAMPLE, WHETHER DEPOSITIONS WILL NEED TO BE RETAKEN AND THE COSTS ASSOCIATED WITH THAT, I CAN'T BE COMPLETE, BUT I'M NOT GOING TO FAIL TO AT LEAST ADDRESS WHAT I CAN SO FAR IN THIS CASE.

SO I AM TURNING TO THE ACCOUNTING THAT THE DEFENDANTS PROVIDED ON APRIL 28TH, AND I'M GOING TO DISCUSS IT SOMEWHAT GENERALLY RIGHT NOW BECAUSE I NEED ONE FINAL CLARIFICATION FROM DEFENDANTS TO BE SURE THAT THE NUMBERS ARE CORRECT. WHEN THE DEFENDANTS PROVIDE THIS, I WOULD ALSO ASK THAT YOU PROVIDE THE COURT BY E-MAIL TO THE PO E-MAIL THAT IS LISTED IN THE COURT'S ORDER THE SPREADSHEETS THAT WERE PROVIDED SO THE COURT CAN DOUBLE-CHECK THE MATH AND THE ALLOCATIONS THAT HAVE BEEN DONE BY THE DEFENSE, BUT I'M JUST GOING TO TALK ABOUT THIS RIGHT NOW IN TERMS OF CATEGORIES.

THE FIRST IS THE COURT IS GOING TO GRANT THE DELTA FOR THE WORK THAT THE DEFENSE HAD TO DO IN MONTANA. THE DELTA BEING THE DIFFERENCE BETWEEN THE TOTAL AMOUNT OF COSTS THAT WERE SPENT AND FEES AND THE AMOUNT THAT WAS ISSUED IN THE TERM OF A SANCTION AGAINST MR. PAATALO, AND TO BE CLEAR, THE MONTANA

COURT WAS SPECIFICALLY FOCUSED ON MR. PAATALO AND NOT ON MR. KOEPPEL; HE INDICATED THAT IN THE ORDER IN TERMS OF WHAT HE WAS MAKING A DETERMINATION OF FOR THE AMOUNT OF SANCTION THAT WAS IMPOSED.

THE DEFENDANTS INDICATED THAT THE DELTA IS $31,595.00, AND I THINK IT WAS AND .35 CENTS. I WOULD LIKE YOU TO PLEASE DOUBLE-CHECK THAT NUMBER AND ENSURE THAT IT IS CORRECT AND PROVIDE THE INFORMATION THAT CLARIFIES THAT.

THE COURT IS GOING TO GRANT AS TO THE SANCTION A PORTION OF THE PRETRIAL CONFERENCES AND MEET AND CONFER. NOT THE FIRST AND ORIGINAL PRETRIAL BECAUSE THE COURT, AS IT HAD INDICATED PREVIOUSLY, VIEWED SOME OF THE ISSUES THAT OCCURRED AND THE PROBLEMS THAT THE PARTIES WERE HAVING IN GETTING EVERYTHING TOGETHER THAT WAS OWED WAS AN OBLIGATION AND RESPONSIBILITY OF BOTH PARTIES, AND DEFENSE ALSO, IN SOME INSTANCES, FAILED TO DO THAT, BUT AFTER THE FIRST TWO, THE COURT IS CERTAINLY GOING TO ALLOCATE A PORTION OF THOSE AS THE SANCTION FOR FEES BACK TO THE DEFENSE, BUT I NEED TO SEE THAT PULLED OUT SEPARATELY, WHAT THOSE FEES ARE FROM THE CHARTS THAT YOU'VE PROVIDED. THE -- ALL OF THE COSTS FOR THE DEFENSE FOR THE BRIEFS AND HEARINGS AND ASSOCIATED COMPILATION OF DOCUMENTS FOR THE MOTION FOR TERMINATING SANCTIONS. THE $9,435.00 THAT WAS NOTED FOR ALL OF THE JUROR RESEARCH THAT WAS DONE FOR THE JURY POOL THAT WE NOW NO LONGER HAVE. ALL OF THE WORK THAT THE DEFENSE DID FOR FILING IN RESPONSE TO THE MOTION FOR RECONSIDERATION, INCLUDING

THE HEARINGS, AND THROUGH AND INCLUDING THE HEARING FOR TODAY ON THE DEFENSE'S MOTION FOR A SANCTION.

SO I DON'T KNOW WHAT THE NUMBER -- THE TOTAL OF THAT NUMBER IS GOING TO BE. THAT'S WHAT IT WILL INCLUDE. I WILL REVIEW THE DOCUMENTATION FROM THE DEFENSE; I WILL GO THROUGH IT, AND I WILL ASSOCIATE AN APPROPRIATE NUMBER THAT CAPTURES THAT.

HOW LONG IS IT GOING TO TAKE THE DEFENSE TO GET THE SPREADSHEETS TO THE COURT AND THEN TO PROVIDE THE UPDATE AS I'VE JUST ARTICULATED?

**MS. MACGREGOR:** I WOULD SAY BY MONDAY, IF THAT'S ACCEPTABLE TO THE COURT. MONDAY THE 11TH.

**THE COURT:** OKAY. BY CLOSE OF BUSINESS?

**MS. MACGREGOR:** YES.

**THE COURT:** OKAY. I WANT TO BE CLEAR THAT WHEN THE COURT IMPOSES THAT SANCTION, THE TOTAL FOR THAT SANCTION IS GOING TO BE JOINT AND SEVERABLE AGAINST BOTH THE PLAINTIFF IN THIS ACTION AND MR. FRESHMAN.

FURTHER, FOR ALL THE REASONS THAT I'VE ARTICULATED IN THIS HEARING AND MANY OF THE THINGS I HAVE SAID IN PREVIOUS HEARINGS AS WELL AS IN THE MANY, MANY ORDERS THE COURT HAS HAD TO ISSUE WITH REGARDS TO THIS, THE COURT FINDS THAT MR. FRESHMAN HAS LACKED CANDOR IN COMMUNICATING WITH THE COURT. HAS LACKED A LEGAL BASIS FOR MANY OF HIS ARGUMENTS AND HIS ALLEGATIONS, AND AS I MENTIONED AT THE BEGINNING, THERE HAS SEEMINGLY BEEN,

PARTICULARLY IN THE BRIEFS THAT FOLLOW ANY OF THE HEARINGS THAT WE HAVE, AN UTTER AND COMPLETE LACK OF RESPONSIBILITY THAT HAS BEEN TAKEN BY MR. FRESHMAN.

AS A RESULT, THE COURT IS IMPOSING A SANCTION OF $5,000.00 AGAINST MR. FRESHMAN, PAYABLE TO THE COURT WITHIN SEVEN DAYS. AND MR. FRESHMAN IS ORDERED TO REPORT THIS TO THE CALIFORNIA STATE BAR.

ONCE THE COURT HAS THE TOTAL FOR THE FEES THAT WILL BE ALLOCATED FOR THE SANCTION THAT I MENTIONED BEFORE, DEPENDING ON WHAT THE AMOUNT OF THOSE FEES ARE, THE COURT WILL PROVIDE A REASONABLE DATE FOR WHICH THOSE FEES SHOULD BE PAID TO OPPOSING COUNSEL.

I NEED TO HAVE A FOLLOW-UP DATE TO ENSURE THAT AT LEAST THE SANCTION THAT HAS BEEN ISSUED TODAY HAS BEEN PAID AND ALSO TO GET A STATUS UPDATE ON WHETHER THE PRODUCTIONS HAVE BEEN MADE SO WE CAN FIGURE OUT HOW TO PROCEED IN THIS CASE.

GIVEN THAT I WILL NOT HAVE ALL OF THAT INFORMATION AND THE DEFENSE WILL NOT HAVE SOME OF THAT INFORMATION FOR A COUPLE OF WEEKS, I'M GOING TO LOOK TO SET THAT PROBABLY FOR THE LAST WEEK OF MAY.

LET ME GO OFF THE RECORD.

(OFF THE RECORD DISCUSSIONS WERE HELD.)

**THE COURT:** SO THE COURT IS GOING TO SET A CONTINUATION OF BOTH THE MOTION FOR SANCTIONS, WHICH WILL CONTINUE UNTIL THE COURT HAS FULLY RESOLVED THAT ISSUE, AS WELL

AS AN UPDATE ON THE STATUS OF THE PRODUCTION. I'LL SET THAT FOR THE 26TH AT 9:00 A.M., AND EVERYBODY IS PERMITTED TO APPEAR BY ZOOM. IF YOU DON'T WANT TO APPEAR BY ZOOM, OF COURSE THAT IS FINE, BUT YOU ARE WELCOME TO DO SO.

IS THERE ANYTHING ELSE FOR TODAY?

**THE COURT:** ANYTHING FOR THE PLAINTIFF?

**MR. FRESHMAN:** THE ONLY THING THAT I'M CONFUSED ABOUT, YOUR HONOR, IS THAT I LOOKED UP YOUR RULES, STANDING ORDER 7-2, AND WHEN I LOOKED IT UP --

**THE COURT:** WHAT IS THE CONCERN YOU HAVE, MR. FRESHMAN?

**MR. FRESHMAN:** YOU HAVE A STANDING ORDER.

**THE COURT:** YES, I DO. I HAVE MULTIPLE STANDING ORDERS.

**MR. FRESHMAN:** CORRECT, AND IT SAYS ALL CIVIL MOTIONS MUST BE NOTICED.

IS THAT SOMETHING THAT YOU ADHERE TO, OR DOES IT ONLY APPLY TO THE PLAINTIFFS AND NOT THE DEFENDANTS?

**THE COURT:** DO YOU HAVE ANY OTHER QUESTIONS FOR THE COURT TO DEAL WITH TODAY?

**MR. FRESHMAN:** I HAVEN'T FINISHED.

**THE COURT:** MR. FRESHMAN --

**MR. FRESHMAN:** WOULD YOU LIKE ME TO CONTINUE?

**THE COURT:** MR. FRESHMAN, IF YOU ARE -- NO --

IF YOU HAVE SOMETHING THAT YOU ARE CONCERNED ABOUT WITH

THIS COURT, FILE A MOTION; YOU'VE DEMONSTRATED THAT YOU ARE CLEARLY ABLE TO DO THAT.

**MR. FRESHMAN:** I'M ASKING THE COURT IF IT STANDS BY ITS STANDING ORDER?

**THE COURT:** MR. FRESHMAN --

**MR. FRESHMAN:** IS THAT A YES OR A NO?

**THE COURT:** MR. FRESHMAN, I WOULD SUGGEST AT THIS POINT YOU STOP THIS LINE OF QUESTIONING WITH THE COURT, AND IF YOU HAVE A MOTION, OR AN ISSUE, YOU TAKE IT UP BY FILING SOMETHING APPROPRIATELY.

**MR. FRESHMAN:** IT'S NOT A MOTION. I'M JUST ASKING A QUESTION, AND THE COURT IS UNABLE TO ANSWER IT, APPARENTLY.

THAT'S FINE. I GET IT. I CAN ACCEPT THAT, BUT I DISAGREE WITH YOUR STANDING ORDER VERSUS -- SHE PRESENTED --

**THE COURT:** MR. FRESHMAN --

**MR. FRESHMAN:** SHE PRESENTED --

**THE COURT:** MR. FRESHMAN --

**MR. FRESHMAN:** YEAH?

**THE COURT:** I'M GOING TO SUGGEST RIGHT NOW THAT YOU STOP.

**MR. FRESHMAN:** WOULD YOU LIKE ME TO LEAVE?

**THE COURT:** WOULD YOU LIKE TO LEAVE? IS THAT YOUR QUESTION?

**MR. FRESHMAN:** I DON'T KNOW. WHAT DO YOU WANT ME TO DO?

**THE COURT:** I'D LIKE YOU TO STOP BEHAVING IN A WAY THAT IS CONTEMPTUOUS.

**MR. FRESHMAN:** IT'S NOT CONTEMPT. I'M ASKING A QUESTION. THAT'S ALL.

**THE COURT:** IS THERE ANY FURTHER?

**MS. MACGREGOR:** YOUR HONOR, THE FIRST TWO CONFERENCES WE SHOULD NOT INCLUDE IN OUR ACCOUNTING?

**THE COURT:** CORRECT.

**MS. MACGREGOR:** ALL RIGHT. THANK YOU.

**THE COURT:** ALL RIGHT.

THIS MATTER IS CONCLUDED.

(COURT CONCLUDED AT 2:42 P.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

TIFFANY SALINAS-HARWELL
CERTIFICATE NUMBER 971863

DATED: MAY 6, 2026