JoAnn Jett Corson
Registered Diplomate Reporter
Certified Realtime Reporter
P. O. Box 8006
Missoula, Montana 59807-8006
406/829-7123 office
joann_corson@mtd.uscourts.gov

United States Court Reporter

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| In re Subpoena to: | |
| | Case No. MC 26-1-M-DWM |
| WILLIAM PAATALO, | |
| Non-Party Movant | **TRANSCRIPT OF PROCEEDINGS** |

**BEFORE THE HONORABLE DONALD W. MOLLOY**
**UNITED STATES DISTRICT COURT JUDGE**
**FOR THE DISTRICT OF MONTANA**

Russell Smith United States Courthouse
201 East Broadway
Missoula, Montana 59802
Monday, May 18, 2026
13:43:21 to 13:54:43

Proceedings recorded by machine shorthand
Transcript produced by computer-assisted transcription

## APPEARANCES

For the Defendants: MR. GUNNAR O. BOOSE
Attorney at Law
GARLINGTON LOHN & ROBINSON
P.O. Box 7909
Missoula, Montana 59807

## CONTENTS


Proceedings .......................................... 3

Reporter's Certificate ............................... 8

PROCEEDINGS

(Open court.)

THE LAW CLERK: All rise. The United States District Court for the District of Montana is now in session, Honorable Donald W. Molloy presiding.

THE COURT: Be seated, please.

Would you please call the next matter on the calendar?

THE CLERK: This is the time set for a motion hearing in MC 26-1-M-DWM, *In Re: Paatalo*.

THE COURT: All right. Before we begin the proceedings, I will note that an order setting this hearing was mailed to Mr. Paatalo on May 11. It is now May 18. We've been through a weekend, and Mr. Paatalo is not in the courtroom.

Mr. Paatalo has made a simple question and issue very complicated.

What I intend to do is we will have another hearing when he will be here either in the company of the United States marshals, and room and board being provided to him at the Missoula County Detention Facility, or he will be given another sanction -- not sanction, contempt hearing.

He has been truculent this entire process, and counsel for the defendant in this case is in the courtroom, has been here.

I want to make a note on the record that seems to be overlooked, not only here but the manner in which the plaintiffs' counsel has proceeded along with or in addition to or somehow in relation to Mr. Paatalo, and that is Rule 1 of the Federal Rules of Civil Procedure is designed to have a just, speedy, and inexpensive determination of issues and cases in the court. And the rules themselves note that they should be construed and administered and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action.

From my knowledge of the underlying litigation, they have abused Judge Wise's docket, and much, I think, from this observation, is attributable to perhaps Mr. Paatalo getting, somewhere, legal advice. He is proceeding *pro se*, but I have read the documents that he files *pro se*, and he is not a typical *pro se* filer. And perhaps he is an unrecognized legal genius, but the briefs clearly enable me to draw an inference that he is getting the assistance of some counsel, some lawyer. I have my suspicions of who that might be, but that is not the issue before the Court today.

So I am going to issue another order in this case, Mr. Boose, that is going to require Mr. Paatalo to provide passwords, log-ins, and any external storage devices to your expert in Texas. And that is going to have to be done -- I will check with the U.S. marshals to see when they might be

able to serve that in a very short time. Once that information is produced to your expert, then I am going to set a date for the evaluation to be completed within 14 days.

The case here, as well as the case in California, is proceeding due to counsel and, to some extent, Mr. Paatalo and the plaintiff in a manner that is absolutely contrary to the purpose of Rule 1 of the Rules of Civil Procedure. It is not speedy, it is terribly inexpensive [*sic*], and the obligation is not only on the Court but on the parties, and that includes the lawyers and the litigants.

What I intend to do once that evaluation report is supplied -- and that will be a very short period. It's not gonna be 45 days, and it's not gonna let this thing go on forever. And what is going to happen, in all likelihood, is, assuming that Mr. Paatalo shows up sometime, the case, with his continued disruption, is going to be transferred to Judge Wise in California.

And my guess is that there are a number of options that the judge, Judge Wise, has in terms of dealing with Mr. Paatalo: whether he would be allowed even to participate as a witness; whether he would be continually held in contempt; whether he would be subject to, if he's allowed to testify, an adverse instruction to the jury. Because Mr. Paatalo, I've read his deposition, and, as I indicated, the way, it appears, that Mr. Freshman and his client and

Mr. Paatalo seem to be proceeding is directly contrary, as I said, to Rule 1.

So, Mr. Boose, do you have any comment you would like to make in the absence of Mr. Paatalo? And there is, in fact, an order that was sent to him on May 11, and today is May 18.

Mr. Boose.

MR. BOOSE: Your Honor, I have arguments if you'd like to hear them. It sounds like we don't need that. If you wanted to hear those arguments at a later time with Mr. Paatalo present, I understand that.

THE COURT: Well, he was given the opportunity today by a written order to appear here and show cause why the information -- the computer, the passwords, all of that -- should not be provided to your expert. And unless he's in the hospital, I think he's probably waived any right to contest the order that I'm going to enter in the case.

MR. BOOSE: Yes, Your Honor.

The one thing that you didn't address earlier, we had requested that Mr. Paatalo provide an affidavit listing out the computers that he has used that might have the documents and communications that we're requesting. We don't know where everything is stored, and we don't know all of the email accounts.

THE COURT: Yes. What we will do is he will be here

either on his own accord or with the help of the U.S. marshals. He'll be put under oath. I'll ask questions, and I'll give you the opportunity to examine him further. He has not demonstrated any accountability at all in the case, and, as I said, it just creates more problems for Judge Wise --

MR. BOOSE: Yes, Your Honor.

THE COURT: -- and they're gonna get resolved.

MR. BOOSE: Understood, Your Honor.

THE COURT: So you can plan on asking him those kinds of questions when he's under oath.

MR. BOOSE: Understood. Thank you, Your Honor.

THE COURT: All right.

Sorry about the inconvenience to you and your client. I'm sure that you'll be collecting some attorney's fees in regard to what's occurred this time.

So we'll be in recess.

I'm going to get a written order out.

(Proceedings were concluded at 13:54:43.)

# REPORTER'S CERTIFICATE

I, JoAnn Jett Corson, a Registered Diplomate Reporter and Certified Realtime Reporter, certify that the foregoing transcript is a true and correct record of the proceedings given at the time and place hereinbefore mentioned; that the proceedings were reported by me in machine shorthand and thereafter reduced to typewriting using computer-assisted transcription; that after being reduced to typewriting, a certified copy of this transcript will be filed electronically with the Court.

I further certify that I am not attorney for, nor employed by, nor related to any of the parties to this action, nor financially interested in this action.

IN WITNESS WHEREOF, I have set my hand at Missoula, Montana this 18th day of May, 2026.

/s/ JoAnn Jett Corson
_______________________________
JoAnn Jett Corson
United States Court Reporter