Gunnar O. Boose
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
goboose@garlington.com

Jessica R. MacGregor *(Pro Hac Vice)*
465 California St, 5th Floor
San Francisco, CA 94104
Phone (415) 397-2222
Fax (415) 397-6392
jmacgregor@longlevit.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| In re Subpoena to:<br><br>WILLIAM PAATALO,<br>Non-Party Movant | 9:26-MC-00001-DWM<br><br>DEFENDANTS' NOTICE OF REVISED PROPOSED PROTOCOL FOR FORENSIC EXAMINATION OF ESI |

Steven Wilker and Tonkon Torp, LLC (collectively, "Defendants"), by and through their counsel of record, hereby submit Defendants' Notice of Revised Proposed Protocol for Forensic Examination of ESI.

The following Revised Proposed Protocol for Forensic Examination of ESI is submitted pursuant to the Court's May 21, 2026 Order (Doc. 56) ordering William Paatalo ("Mr. Paatalo") and Defendants to meet and file a notice outlining a joint proposal for the forensic examination of Mr. Paatalo's computer and/or Gmail accounts. The undersigned counsel conferred with Mr. Paatalo in person on May 26, 2026 for over three hours in an attempt to reach a joint protocol. Unfortunately, despite the in-person meeting and multiple email communications between Mr. Paatalo and the undersigned counsel, the parties were unable to reduce a full agreement to writing. *See* Found. Decl. Gunnar O. Boose, May 27, 2026 ("Boose Decl."). It is believed that this Revised Proposed Protocol for Forensic Examination of ESI and the attached proposed protective order is opposed by Mr. Paatalo.

## I. PROPOSED PROTOCOL

### A. Preservation of Data

Defendants request an interim order admonishing Mr. Paatalo not to delete, and to preserve intact, without any change or modification, all ESI and communications in his possession, custody, or control, whether believed to be responsive to Defendants' document subpoena or not. Defendants request this interim order solely to ensure that no ESI is deleted and rendered irretrievable

before a data extraction or forensic examination can take place. The referenced ESI includes, but is not limited to, all devices and/or accounts (e.g., USB storage devices, external hard drives, computers, smart phones, cloud-based storage accounts [e.g., Google Drive, OneDrive, iCloud] and email).

## B. Search

### 1. Use of Rimkus

Data extraction shall be performed by Rimkus Consulting Group, Inc. ("Rimkus") and overseen by forensic expert Josh Lorencz ("Mr. Lorencz") whom Defendants shall retain for this purpose. Mr. Lorencz's CV is attached hereto as Exhibit A.

### 2. Identification of Accounts and Devices

Within two (2) days of the Court entering an order on this Protocol for Forensic Examination, Mr. Paatalo shall execute an affidavit under penalty of perjury listing <u>all</u> of his devices and accounts on which communications or documents prepared for or exchanged with Gary Koeppel ("Mr. Koeppel), Ronald Freshman ("Mr. Freshman"), Kimberly Cromwell ("Ms. Cromwell") and/or any other person affiliated with Mr. Freshman's office may have been stored, accessed, deleted, or transferred. Mr. Paatalo shall identify whether any of the forgoing

communications or documents have been stored, accessed, deleted, or transferred to any physical device which is not present on any email account or cloud-based storage account.

### 3. Data Extraction and Cooperation

Mr. Paatalo shall provide to Mr. Lorencz access to all identified accounts, together with all log-in information (e.g., usernames and passwords) so Mr. Lorencz and/or Rimkus can log into and collect ESI stored on cloud-based storage accounts. Within five (5) days of the Court entering an order on this Protocol for Forensic Examination, Mr. Paatalo shall join a videoconference with Mr. Lorencz and/or Rimkus, along with counsel for Defendants during which Mr. Paatalo shall cooperate with providing any additional log-in items including but not limited to information necessary to complete 2-factor authentication. Mr. Lorencz and/or Rimkus shall download all ESI from the accounts identified by Mr. Paatalo from January 1, 2011, to present.

Within five (5) days of the Court entering an order on this Protocol for Forensic Examination, Mr. Paatalo shall provide to Mr. Lorencz and/or Rimkus any external devices and/or computers upon which documents or emails may be stored to conduct a forensic imaging of said physical device. Mr. Paatalo must

cooperate with Defendants and their forensic expert in both the retrieval of and access to the information. Defendants must perform their digital evaluation within fourteen (14) days of receiving Mr. Paatalo's login information/devices, and return any physical property to Mr. Paatalo by that same date. Mr. Paatalo shall disable automatic updates to prevent delays caused by software updates, which may affect forensic tool compatibility. Mr. Paatalo shall further cooperate with Mr. Lorencz and/or Rimkus to disable any and all device features designed to prevent forensic imaging. Mr. Paatalo shall further execute any consent forms required by forensic imaging tools utilized by Mr. Lorencz and/or Rimkus. Extracted data will be decoded by Mr. Lorencz and/or Rimkus following the forensic imaging.

**4. Keyword Searches**

Mr. Lorencz and/or Rimkus shall perform keyword searches on the data extracted from the accounts and/or devices and shall produce documents identified by the search terms. The search shall include the following items.

a. Any and all emails with domain names of "@coastgalleries.com"; "@freshmanlaw.com"; "@plms2011.com"; or "@tonkon.com".
b. Any and all emails with the following email: "fpst4381@protonmail.com".

c. Any and all emails with the following individuals: “Gary Koeppel”; “Ron Freshman”; “Emma K. Koeppel”; “Kimberly S. Cromwell”; “Alexis Fisher”; “Melissa N. Alvarez”; “Renee Smith”; “Margaret Foley”; “Charles Marshall”; “John Scheinning”; or “Greg Keith”.

d. Any items containing any of the following search terms: “24685 Outlook”; “Outlook Drive”; “MERS”; “Mortgage Electronic Registration Systems”; , “AMGAR”; “Tender”; “Koeppel”; “Gary”; “Emma”; “Ron”; “Kimberly”; “RexNet”; “Investor”; “Steele”; “Garfield”; “Dreves”; or “White Knights”.

e. In addition to the items in categories a-d, any items containing any of the following search terms “Tonkon”; “Wilker”; “Balmer”; “Malpractice”; “Quiet Title”; “QT”; “Rescission”; “Foreclosure”; or “West” which do not contain any of the following search terms: “McCarthy”; “Lincoln”; “Yachats”; “400 E. 3rd Street”; “Washington Mutual”; “WaMu”; “WCC”; “JPMorgan Chase”; “Multnomah”; “Jake Adams”; “jake@lotzlawfirm.com”; or “jake@oxbridgelaw.net”.

**5. Production of ESI**

Any files identified within the keyword searches performed by Rimkus will be produced by Rimkus simultaneously to Defendants and Mr. Paatalo. The files

produced to Defendants will be subject to a protective order. A proposed protective order is attached hereto as Exhibit B.

**6. Remediation of ESI**

Rimkus shall retain any ESI which is extracted, whether or not produced to Defendants until Defendants advise Rimkus that all disputes in the underlying litigation have been finally resolved, at which point all extracted ESI and forensic images will be destroyed.

**7. Responsibility for Fees**

The initial data extraction from Mr. Paatalo's email accounts is expected to cost approximately $2,000. Mr. Lorencz will bill Defendants an additional $400 per hour for extraction and/or imaging of Mr. Paatalo's physical devices, analysis of data, conducting keyword searches and production of documents. Mr. Paatalo shall reimburse Defendants for the cost of Mr. Lorencz' time and any costs incurred by Mr. Lorencz to carry out the terms of this protocol, as well as any attorney fees associated with conducting the forensic examination of ESI. Defendants shall submit a request for reimbursement within 30 days following receipt of a final invoice from Mr. Lorencz. Defendants shall be entitled to redact any billing entries of Defendants' attorneys or Mr. Lorencz on the basis of

attorney-client privilege or attorney work-product grounds.

### 8. Specific Items on Which an Agreement Was Not Met

During the in-person meeting on May 26, 2026, Mr. Paatalo indicated that there are additional exclusionary terms which he would like to include in paragraph 4.e of this proposed protocol. Defendants are amenable to adding additional exclusionary terms and have requested a list of proposed terms from Mr. Paatalo, who was not prepared to provide the terms during the in-person meeting. At 3:02 P.M. on May 27, 2026, Mr. Paatalo sent a list of proposed exclusionary terms which sweep far broader than excluding only items related to his own malpractice action, as demonstrated through his explanation for the exclusionary terms. *See* Boose Decl. ¶ 4, Ex. A: Email Commc'ns with Paatalo 3:01, May 27, 2026 (noting that the terms are intended to exclude five other categories of documents which Mr. Paatalo contends are "unrelated"). During the in-person meeting, Mr. Paatalo indicated that the remaining search terms were acceptable, subject to a broad protective order.

During the in-person meeting on May 26, 2026, the parties agreed to stipulating to a broad protective order covering the items which are to be provided to Defendants pursuant to the keyword search performed by Defendants' forensic

expert. A proposed protective order is attached hereto as Exhibit B. Despite efforts to reach an agreement on the terms of the protective order, *see* Boose Decl., the parties were unable to come to an agreement on the precise terms of the protective order.

DATED this 27th day of May, 2026.

/s/ Gunnar O. Boose
Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, a copy of the foregoing document was served on the following persons by the following means:

________ Hand Delivery
___1___ Mail
________ Overnight Delivery Service
________ Fax (include fax number in address)
___1___ E-Mail (include email in address)

1. William J. Paatalo
476 LaBrie Dr
Whitefish, MT 59937
bill.bpia@gmail.com
*Plaintiff, Pro Se*

2. Gary Koeppel
24685 Outlook Dr
Carmel, CA 93923
gkoeppel@icloud.com

/s/ Madison T.Y. Stone