IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| In re Subpoena to:<br><br>WILLIAM PAATALO,<br>Non-Party Movant | 9:26-MC-00001-DWM<br><br>PROTECTIVE ORDER REGARDING CONFIDENTIALITY |

Steven Wilker and Tonkon Torp, LLC (collectively "Defendants"), in the underlying matter Koeppel et al. v. Wilker et al., Case No. 5:24-cv-06457-NW (NC) pending in the United States District Court for the Northern District of California (the "Underlying Litigation") hereby move this Court for entry of this Proposed Protective Order. This Order is entered to limit the disclosure of various confidential documents to be produced pursuant to a forensic examination of ESI within Mr. Paatalo's possession, custody, or control, and to maintain the confidentiality of such documents containing private, confidential and/or proprietary business information. Therefore, for good cause appearing,

IT IS HEREBY ORDERED:

1. That the various confidential documents to be produced to Defendants pursuant to Defendants Revised Proposed Protocol for Forensic Examination of ESI (the "Revised Proposed Protocol") will be subject to this Order. "Confidential Information," as used herein, means any document, testimony or other information

produced to Defendants pursuant to the Revised Proposed Protocol. Information or documents produced by any party before the date of this Order shall not be considered “Confidential.” Any party who makes copies of the "CONFIDENTIAL" documents for any permitted use hereunder shall mark each page of each document “CONFIDENTIAL" in red ink and shall maintain and not redact the "CONFIDENTIAL" mark from the document or a page thereof.

2. The Confidential documents may be disclosed only to the following persons:

a. The Parties in the underlying litigation and their counsel of record, record counsel’s partners, associates, clerks, legal assistants, secretarial personnel, co-counsels, and/or those regularly employed by counsel of record;

b. Persons who are, or who are the employees of, independent experts, consultants, document managers, and litigation support contractors retained by counsel or parties to the underlying action;

c. Officers of corporate parties named in this action, and individuals named in this action;

d. The court, court personnel, including stenographic reporters; and

e. Any actual or prospective witnesses in this litigation, except that such a person may only be shown a matter designated as confidential during, or in preparation of his or her testimony, and only to the extent necessary for such

preparation or testimony.

3. Confidential Information shall be used or disclosed only in connection with, or preparation for, settlement negotiations, trial, and other proceedings in the above referenced matter and/or the underlying litigation and not for any other purpose, and may not at any time show, display, reveal, disseminate, or discuss such documents or the contents thereof to or with any person(s) other than those listed in Paragraph 2, without consent of the other parties or leave of Court.

4. Nothing in this Order shall limit the rights of the Parties in the Underlying Litigation to object to any evidence at trial or other evidentiary proceedings in this case on grounds other than those related to this Order. If documents produced subject to this Stipulated Protective Order are attached as exhibits to motions in the Underlying Litigation, those exhibits will be attached to the motion for the Court's review in a sealed manila envelope with a notice on the envelope identifying the document and stating it is subject to this Stipulated Protective Order.

5. Defendants reserve the right to object to any document classified as "CONFIDENTIAL" per this Stipulated Protective Order Regarding Confidentiality. Defendants shall notify Mr. Paatalo of the objection. Within ten days after notifying Mr. Paatalo of an objection to a document's "CONFIDENTIAL" designation, Mr. Paatalo must move the Court in the

Underlying Litigation for a Protective Order for the specific objected to document(s). During the time which Mr. Paatalo is seeking a Protective Order for the specific objected to document(s), and until such time as the court rules on any protective order motion, said document(s) shall remain subject to the terms and conditions of this Stipulated Protective Order Regarding Confidentiality. Failure to timely file a motion for a Protective Order with the court in the Underlying Litigation shall result in Mr. Paatalo's declaration of "CONFIDENTIALITY" being waived.

6. Materials subject to this Order may not be used in any other claim or case, and may not be disseminated after final resolution of the Underlying Litigation. Final resolution of the Underlying Litigation shall be deemed to be the later of (1) dismissal of all claims and defenses in the Underlying Litigation; and (2) final judgment in the Underlying Litigation after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Underlying Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Defendants agree to maintain the confidentiality of all materials subject to this Order upon termination of the Underlying Litigation by settlement and/or final judgment unless subject to court order superseding this Order.

7. Nothing herein shall prevent any counsel of record from utilizing

Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information.

8. Confidential Information may be offered into evidence at trial or at any hearing or oral argument in the Underlying Litigation.

9. If Defendants are served with a subpoena issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," Defendants must promptly notify Mr. Paatalo in writing. Such notification shall include a copy of the subpoena or court order. If Mr. Paatalo timely seeks a protective order, Defendants shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena issued, unless Defendants have obtained Mr. Paatalo's permission. Mr. Paatalo shall bear the burden and expense of timely seeking protection in that court of his confidential material.

10. The restrictions of this Order shall be removed for all documents admitted into evidence during the trial of the Underlying Litigation.

11. Within 120 days following the conclusion of the Underlying Litigation, after written request from Mr. Paatalo, all originals and copies of Confidential Information shall be returned to Mr. Paatalo or certified to Mr. Paatalo that the same have been destroyed by Defendants, except that counsel of

record may maintain copies of any Confidential Information deemed necessary for the preservation of counsel's files in accordance with controlling ethical and common law rules. With respect to such documents, counsel retaining copies of documents shall remain bound by the terms of this Order even after the conclusion of the case. Further, upon conclusion of the Underlying Litigation, after a written request to do so by Mr. Paatalo, each consultant who has received copies of protected documents from Defendants during the course of the Underlying Litigation shall provide counsel with written confirmation that all copies of such materials have been returned or destroyed.

By________________________________ ______________
Gunnar O. Boose Date
Attorneys for Defendants

**ORDER**

Based upon the foregoing and for good cause appearing, IT IS HEREBY ORDERED that the Court adopts and issues the Protective Order as set forth above.

SIGNED AND DATED BELOW

______________________________
Donald W. Molloy, District Judge
United States District Court