# EXHIBIT A

Gunnar O. Boose
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
goboose@garlington.com

Jessica R. MacGregor *(Pro Hac Vice)*
465 California St, 5th Floor
San Francisco, CA 94104
Phone (415) 397-2222
Fax (415) 397-6392
jmacgregor@longlevit.com

Attorneys for Defendants

William J. Paatalo
Pro Se
476 LaBrie Drive
Whitefish, MT 59937
Phone (406) 309-1812
Bill.bplia@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| In re Subpoena to:<br><br>WILLIAM PAATALO,<br>Non-Party Movant | 9:26-MC-00001-DWM<br><br>STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY |

Steven Wilker and Tonkon Torp, LLC (collectively "Defendants"), defendants in the underlying matter Koeppel et al. v. Wilker et al., Case No. 5:24-cv-06457-NW (NC) pending in the United States District Court for the Northern District of California (the "Underlying Litigation") and William Paatalo ("Mr. Paatalo"), have stipulated to the terms of this Order. This Order is entered to limit the disclosure of various confidential documents to be produced pursuant to a forensic examination of ESI within Mr. Paatalo's possession, custody, or control, and to maintain the confidentiality of such documents containing private, confidential and/or proprietary business information. Therefore, for good cause appearing,

IT IS HEREBY ORDERED:

1. That the various confidential documents to be produced to Defendants pursuant to the Joint Proposed Protocol for Forensic Examination of ESI (Doc. XX) (the "Joint Proposed Protocol") will be subject to this Order. "Confidential Information," as used herein, means any document, testimony or other information produced to Defendants pursuant to the Joint Proposed Protocol. **Highly Confidential – Attorneys' Eyes Only' information shall mean Confidential Information containing proprietary investigative methodologies, strategic litigation frameworks, nonpublic business planning information, unrelated client information, unrelated investigative materials, or other professionally sensitive materials for which broader dissemination would create a substantial risk of competitive, strategic, or professional harm. Mr. Paatalo may**

**designate materials as 'Highly Confidential – Attorneys' Eyes Only' within fourteen (14) days after disclosure or identification of such materials. Defendants may challenge such designation through the procedures set forth herein.** Information or documents produced by any party before the date of this Order shall not be considered "Confidential." Any party who makes copies of the "CONFIDENTIAL" documents for any permitted use hereunder shall mark each page of each document "CONFIDENTIAL" in red ink and shall maintain and not redact the "CONFIDENTIAL" mark from the document or a page thereof.

2. The Confidential documents may be disclosed only to the following persons:

a. The Parties in the underlying litigation and their counsel of record, record counsel's partners, associates, clerks, legal assistants, secretarial personnel, co-counsels, and/or those regularly employed by counsel of record;

**b. Persons who are, or who are the employees of, independent experts, consultants, document managers, and litigation support contractors reasonably necessary to the underlying litigation, provided that:**

**(i) all such individuals execute a written acknowledgment agreeing to be bound by this Protective Order;**

**(ii) Defendants provide identification of outside vendors, consultants, and experts receiving access to Confidential Information upon request; and**

**(iii) 'Highly Confidential – Attorneys' Eyes Only' materials may be disclosed only to counsel of record, specifically retained experts, and the forensic examiner, absent further agreement or Court order.**

c. Officers of corporate parties named in this action, and individuals named in this action;

d. The court, court personnel, including stenographic reporters; and

e. Any actual or prospective witnesses in this litigation, except that such a person may only be shown a matter designated as confidential during, or in preparation of his or her testimony, and only to the extent necessary for such preparation or testimony.

**3. Confidential Information shall be used or disclosed only in connection with, or**

**preparation for, settlement negotiations, trial, and other proceedings in the above referenced matter and/or the underlying litigation and not for any other purpose, and may not at any time show, display, reveal, disseminate, or discuss such documents or the contents thereof to or with any person(s) other than those listed in Paragraph 2, without consent of the other parties or leave of Court.**

**Confidential Information and any knowledge directly derived therefrom shall not be used outside the reasonable needs of the Underlying Litigation, including for unrelated litigation, unrelated business activities, unrelated investigations, or unrelated mortgage servicing, securitization, foreclosure, or consulting matters.**

**No person receiving Confidential Information shall disseminate, summarize, characterize,**

**or communicate proprietary investigative methodologies, strategic frameworks, or unrelated professional information learned through the forensic process outside the reasonable needs of this litigation.**

4. Nothing in this Order shall limit the rights of the Parties in the Underlying Litigation to object to any evidence at trial or other evidentiary proceedings in this case on grounds other than those related to this Order. If documents produced subject to this Stipulated Protective Order are attached as exhibits to motions in the Underlying Litigation, those exhibits will be attached to the motion for the Court's review in a sealed manila envelope with a notice on the envelope identifying the document and stating it is subject to this Stipulated Protective Order.

5. Defendants reserve the right to object to any document classified as "CONFIDENTIAL" per this Stipulated Protective Order Regarding Confidentiality. Defendants shall notify Mr. Paatalo of the objection. Within fourteen (14) days after notifying a Mr. Paatalo of an objection to a document's "CONFIDENTIAL" designation, Mr. Paatalo must move the Court in the Underlying Litigation for a Protective Order for the specific objected to document(s). During the time which Mr. Paatalo is seeking a Protective Order for the specific objected to document(s), and until such time as the court rules on any protective order motion, said document(s) shall remain subject to the terms and conditions of this Stipulated Protective Order Regarding Confidentiality. Failure to timely file a motion for a Protective Order with the court in the Underlying Litigation shall result in Mr. Paatalo's declaration of "CONFIDENTIALITY" being waived.

**In the event the forensic process captures materials plainly unrelated to the operative issues in the Underlying Litigation, including unrelated client materials, unrelated litigation matters, unrelated investigative files, unrelated business planning information, or privileged third-party materials, the parties shall meet and confer in good faith regarding reasonable quarantine, exclusion, or handling procedures for such materials.**

6. Materials subject to this Order may not be used in any other claim or case, and may not be disseminated after final resolution of the Underlying Litigation. Final resolution of the Underlying Litigation shall be deemed to be the later of (1) dismissal of all claims and defenses in the Underlying Litigation; and (2) final judgment in the Underlying Litigation after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Underlying Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Defendants agree to maintain the confidentiality of all materials subject to this Order upon termination of the Underlying Litigation by settlement and/or final judgment unless subject to court order superseding this Order. **This obligation shall extend to derivative compilations, extracted databases, analytical summaries, and other materials generated from Confidential Information, except to the extent retention is reasonably necessary for counsel's ethical or litigation-file obligations.**

7. Nothing herein shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information.

8. Confidential Information may be offered into evidence at trial or at any hearing or oral argument in the Underlying Litigation.

9. If Defendants are served with a subpoena issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," Defendants must promptly notify Mr. Paatalo in writing. Such notification shall include a copy of the subpoena or court order. If Mr. Paatalo timely seeks a protective order, Defendants shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena issued, unless Defendants have obtained Mr. Paatalo's permission. Mr. Paatalo shall bear the burden and expense of timely seeking protection in that court of his confidential material.

10. The restrictions of this Order shall be removed for all documents admitted into evidence during the trial of the Underlying Litigation. **The Court shall retain continuing jurisdiction following conclusion of the Underlying Litigation for purposes of enforcing the terms of this Protective Order.**

11. Within 120 days following the conclusion of the Underlying Litigation, after written request from Mr. Paatalo, all originals and copies of Confidential

Information shall be returned to Mr. Paatalo or certified to Mr. Paatalo that the same have been destroyed by Defendants, except that counsel of record may maintain copies of any Confidential Information deemed necessary for the preservation of counsel's files in accordance with controlling ethical and common law rules. With respect to such documents, counsel retaining copies of documents shall remain bound by the terms of this Order even after the conclusion of the case. Further, upon conclusion of the Underlying Litigation, after a written request to do so by Mr. Paatalo, each consultant who has received copies of protected documents from Defendants during the course of the Underlying Litigation shall provide counsel with written confirmation that all copies of such materials have been returned or destroyed.

Mr. Paatalo and Defendants, by their undersigned counsel, stipulate and consent to the Entry of this Protective Order.

By______________________________ ____________
William J. Paatalo Date
Pro Se

By______________________________ ____________
Gunnar O. Boose Date
Attorneys for Defendants

By______________________________ ____________
Jessica R. MacGregor Date
Attorneys for Defendants

## ORDER

Based upon the foregoing Stipulation by Mr. Paatalo and counsel for Defendants and for good cause appearing, IT IS HEREBY ORDERED that the Court adopts and issues the Protective Order as set forth above.

DATED this ____ day of May, 2026

______________________________
Donald W. Molloy, District Judge
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that on Month Day, 2026, a copy of the foregoing document was served on the following persons by the following means:

________ Hand Delivery
___1___ Mail
________ Overnight Delivery Service
________ Fax (include fax number in address)
________ E-Mail (include email in address)

1. William J. Paatalo
   476 LaBrie Dr
   Whitefish, MT 59937
   *Plaintiff, Pro Se*

____________________________________