IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE PAATALO, | 9:26–mc–01–DWM<br>ORDER |

On May 8, 2026, Defendants filed a second motion to compel in this matter, requesting an order directing nonparty witness William Paatalo to allow a forensic examination of his Gmail accounts and other Electronically Stored Information ("ESI") and to cooperate with Defendants in providing access for a data extraction of all emails and communications responsive to Defendants' document subpoena, (Doc. 3-5). (Doc. 39.) That motion was granted, (Docs. 49), but its enforcement was stayed so that the parties could attempt to agree on an ESI protocol, (Doc. 56). Despite a substantial effort by the parties, a meeting of the minds was not achieved. (*See* Docs. 60, 61, 63.) Having reviewed their respective positions and proposals, (*see id.*),

IT IS ORDERED that Defendants' Revised ESA Protocol (Doc. 60) is ADOPTED. Paatalo is directed to preserve and disclose all ESI and communications in his possession consistent with that protocol. The files produced to Defendants will be subject to the protective order filed contemporaneously with this Order.

IT IS FURTHER ORDERED that after the production has occurred, Paatalo may be ordered to reimburse Defendants for the cost of the forensic evaluation should it reveal that Paatalo substantially failed to comply with his disclosure obligations. *See* Fed. R. Civ. P. 45(g). A motion for reimbursement must be made within thirty (30) days of Defendants' receipt of a final invoice from the forensic examiner and no more than sixty (60) days after the ESI is produced to Defendants. That motion must specifically identify the communications or ESI that should have been produced but were improperly withheld.

DATED this 2nd day of June, 2026.

12:01 P.M.

Donald W. Molloy, District Judge
United States District Court